CZESTAWA PRONDECKA, administratrix, *vs.* TURNERS FALLS POWER AND ELECTRIC COMPANY.

SAME *vs.* SAME.

Franklin.    September 21, 1921. — March 8, 1922.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Causing death, Trespasser, Licensee. *Wanton and Reckless Misconduct.    Pleading, Civil,* Declaration. *Res Judicata.*

A declaration in an action of tort by an administrator in which the plaintiff alleges that the defendant, the owner of a dam, "by itself, its agents, servants or employees, in utter disregard of the serious and probable consequences which it or they knew, or ought to have known, were likely to follow and in violation of its duty to abstain from intentional, wanton or reckless conduct exposing her intestate to danger and knowing that persons were likely rightfully to be in said basin and likely thereby to be placed in great peril, without warning, negligently, wantonly and recklessly opened the gates in said dam causing the waters from above thereby violently and with great force to rush down and drown her intestate," is based upon wanton and reckless misconduct of the defendant.

No action can be maintained in this Commonwealth for a death caused in 1919 by wanton or reckless misconduct.

In an action for causing the death of one who was upon premises of the defendant either as a trespasser or as a licensee, there was a first count alleging that the death was caused by wanton or reckless misconduct and a second count alleging that it was caused by negligence. A verdict was ordered for the defendant on the second count and the plaintiff did not present to this court any exception to that ruling.    There was a verdict for the plaintiff on the first count, and an exception by the defendant to a refusal of the judge to order a verdict in his favor upon that count was sustained by this court.    At a second trial, the judge refused to permit the second count to be read to the jury and ordered a verdict thereon for the defendant. *Held,* that, while the action of the judge on the second count at the first trial did not cause a judgment which was *res judicata* as to that count, the plaintiff was not harmed by the action of the judge at the second trial as to that count, since on no aspect of the evidence could it be found that the defendant owed any duty to refrain from negligence as to the decedent, but only from reckless or wanton misconduct.

TWO ACTIONS OF TORT, respectively to recover for the conscious suffering and the causing of the death of John Kashinski and Leo Nawrocki.    Writ dated September 22, 1919.

The plaintiff in the substituted first count in each action alleged "that, on September 13, 1919, while her intestate was lawfully in the basin of the Connecticut River below the defendant's dam at Turners Falls in Montague of said County, in the exercise of due care, the defendant, by itself, its agents, servants or employees, in utter disregard of the serious and probable consequences which it or they knew, or ought to have known, were likely to follow and, in violation of its duty to abstain from intentional, wanton or reckless conduct exposing her intestate to danger and, knowing that persons were likely rightfully to be in said basin and likely thereby to be placed in great peril, without warning, negligently, wantonly and recklessly opened the gates in said dam causing the waters from above, thereby, violently and with great force to rush down and drown her intestate."

The second count in each declaration was under St. 1907, c. 375 (now G. L. c. 229, § 5); and the third count was for conscious suffering. The proceedings at a previous trial of the actions and upon the defendant's exceptions in this court are described in the opinion.

The actions were tried a second time before *Aiken*, C. J., when the plaintiff abandoned the third count in the declaration. Upon the substituted first counts and the second counts, verdicts were ordered for the defendant, and the plaintiff was not permitted to read the second counts to the jury. The plaintiff alleged exceptions in each action.

*H. J. Field*, for the plaintiff.

*H. W. Ely & J. B. Ely*, for the defendant, submitted a brief.

CROSBY, J. These two actions, to recover for the deaths of John Kashinski and Leo Nawrocki, the plaintiff's intestates, who were drowned on September 13, 1919, were tried together. In each case the first count alleges that while the plaintiff's intestate in the exercise of due care was in the basin of the Connecticut River below the dam of the defendant, the defendant wantonly and recklessly opened the gates to the dam and allowed the same to remain open and its water to rush down and caused the plaintiff's intestate to be drowned; the second count alleges negligence of the defendant in suffering the waters above its dam to be carried down so as to cause and causing the death of the intestate; the third count is for conscious suffering.

At the first trial, in July, 1920, at the conclusion of the evidence, the defendant moved in each case that a verdict be directed in its favor; the motion was denied as to the first count subject to the defendant's exception; and allowed as to the second and third, subject to the plaintiff's exception as to the second count only; the jury found for the plaintiff on the first count. The cases were before this court (238 Mass. 239), on the defendant's exceptions, which were sustained. As the circumstances under which the plaintiff's intestates were drowned are stated in the former opinion, they need not here be repeated.

The right to recover for death is under St. 1907, c. 375 (see now G. L. c. 229, § 5), and as the statute creates a right of action for death caused by negligence and upon no other ground, it was held that the plaintiff could not recover upon the first counts. Thereafter the plaintiff in each case was allowed to amend her declaration by substituting a new first count, and at the last trial the presiding judge directed a verdict for the defendant subject to the plaintiff's exception; the court also refused to permit the second count to be read to the jury by the plaintiff or to permit her to make any claim or offer any evidence in support of these counts, to which refusal she duly excepted.

A careful examination of the first counts, as substituted and amended, plainly shows that like the originals they are based upon wanton and reckless conduct of the defendant; and, while not phrased in precisely the same language as they originally were drawn, yet in legal intendment and effect they do not differ. The substituted counts in substance allege that the deaths of the plaintiff's intestates were caused by the defendant's wanton and reckless acts. The sole remedy under the statute is based upon negligence. It has been repeatedly held by this court that ordinary and gross negligence differ in kind from wanton and reckless conduct. *Prondecka* v. *Turners Falls Power & Electric Co. supra. Hafey* v. *Dwight Manuf. Co.* 239 Mass. 155, and cases cited. It follows that the plaintiff's exceptions to the direction of verdicts upon the substituted first counts must be overruled.

At the close of the evidence at the first trial, although the plaintiff excepted in each case to the direction of a verdict for the defendant upon the second count, which was for negligence, she filed no bill of exceptions; but as no judgment has been entered on

the verdict on that count she properly could not have been precluded from reading it to the jury or from claiming that she was entitled thereunder to recover. The rule of *res judicata* does not apply in these circumstances. The plaintiff, however, was not harmed by the action of the court. It is plain that if the second count had been before the jury there could have been no recovery thereunder, and it would have been the duty of the court so to instruct them. It clearly appears that the decedents were not invitees upon the island, they were at most licensees; the only legal duty which the defendant owed to them either as trespassers or licensees was to abstain from any wilful, wanton or reckless conduct that was likely to injure them. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387, and cases cited. *Prondecka* v. *Turners Falls Power & Electric Co. supra,* and cases cited. *Hafey* v. *Dwight Manuf. Co. supra.* While their deaths are greatly to be deplored, the evidence fails to disclose any act or omission of the defendant which could be found to have been a violation of any legal duty or obligation due them. *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478. *Robbins* v. *Athol Gas & Electric Co. supra.* *Hafey* v. *Dwight Manuf. Co. supra.*

It follows that the exceptions of the plaintiff to the direction of verdicts on the amended first counts, and to the refusal of the trial judge to allow the plaintiff to read the second counts or to offer any evidence thereunder, cannot be sustained.

*Exceptions overruled.*