Rowe, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries received while she was a guest of the defendant in a motor car being operated by the defendant. The first count of the declaration is based upon the theory of a host being grossly negligent toward her guest. The second count reads as follows: “the plaintiff says that on or about the 20th day of August, 1934, the defendant was operating a motor vehicle on a public way in or near the Town of Annisquam and that she operated the said automobile in a wilful, wanton and reckless manner so that the plaintiff who was a passenger in the car so operated by the defendant and who was exercising all due care and caution sustained severe personal injuries, suffered extreme pain of body and mind and was put to great expense for medical care; all to her damage as she alleges in her writ.”
The trial judge found for the plaintiff and the question before us is as to whether there was sufficient evidence to justify the finding which was for the plaintiff on the ground that the defendant was guilty of wilful, wanton and reckless conduct.
The defendant was operating an automobile at the time of the accident, and the plaintiff her guest, was, to the knowledge of the defendant, asleep on the rear seat. The route took them over a bridge which crosses the Annisquam River. Near the end of the bridge is a draw which opens for passage of boats. Owing to the construction of the bridge at the point of the draw an automobile travelling over the convex draw at a rapid rate of speed naturally receives a jolt, the severity of which depends upon the rate at which the car is travelling. In the case at bar, when *612 the car hit the draw the rear- of the car received such a jolt that the plaintiff was thrown upward, hitting her head against the top of the car and then fell hack on the rear seat, the end of her spine hitting the rear seat, and as a result of being so thrown the plaintiff received the injuries of which she now complains. The trial judge’s findings states:
“In my opinion the whole question of liability in this . case hinges solely on the question of whether the bounce which the car made in going over that draw in such fashion as to throw the plaintiff off her seat was a result of a deliberate intent to play a practical joke. The evidence also shows and I so find that the defendant, as well as the plaintiff, was familiar with this bridge and knew that when any car passed over that draw, it received a jounce, the jounce depending upon the rate of speed at which the car was going. The rate at which I necessarily find the car to have been going on this •particular occasion was far too high for the safety of a passenger' in the back seat of a car, especially one who was relaxed or asleep and if such ruling were material, I should be obliged to rule that the operation of the car at such speed under such circumstances was negligence and that the injuries which the plaintiff received were caused by such negligence. As stated above, however, the issue here is not whether or not the defendant was negligent but whether her action in accelerating the speed of the car was done intentionally for the purpose of playing a practical joke on the plaintiff or giving her a thrill. [The defendant did in fact speed up the car as she approached the draw for the purpose of arousing (the plaintiff) who, she knew, was asleep or dozing on the rear seat by giving her a little bump by way of a thrill.] Of course (the defendant) had not the slightest intention of doing anything more than arousing her sleeping guest and giving her a little surprise by way of the jounce which she knew would ensue if she went over the draw at an increased speed, and of course (the defendant) never imagined that any such bump as she intended to give would result in any actual physical injury to the plaintiff.”
*613 The judge then found and ruled that the above conduct was deliberate and wanton and because thereof the defendant was liable to the plaintiff.
For her negligence, even if gross, the' defendant would not be liable to her sleeping guest on the rear seat. Oppenhein v. Barkin, 262 Mass. 281.
The sole question is as to whether the evidence would justify a finding that the defendant was guilty of wilful, wanton and reckless conduct. If the defendant had intentionally inflicted bodily harm on the plaintiff as a practical joke she would not be excused because she intended to do so merely as a practical joke. Am. Law Inst. Restatement : Torts, P. 30. But the only inference to be drawn in the case at bar from the special findings of the trial judge is that no bodily harm was intended.
The same authority in §500 a (P. 1294) further says “although conduct to be reckless must be negligent in that it is unreasonable, it must be something more than negligent. It must not only be unreasonable, but it must contain a risk of harm to others in excess of that necessary to make the conduct unreasonable and therefore negligent. It must involve an easily perceptible danger of substantial bodily harm or death and the chance that it will so result must be great.”
In the leading case Altman v. Aronson, 231 Mass. 588, 592, it is said that “gross negligence is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has- injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong in degree of inattention, while both differ in kind from wilful and in *614 tentional conduct which is or ought to be known to have a tendency to injure.”
Because the difference between negligence and gross negligence is but a difference in degree there is often a twilight zone in which it is difficult to determine whether given facts fall within the greater or the lesser degree of negligence. But the distinction between wilful, wanton and reckless conduct, and negligent conduct, the distinction being in kind rather than degree, is marked.
An illustration of this difference in kind may be seen in Prondecka v. Turners Falls Power & Elec. Co., 238 Mass. 239 S. C. 241 Mass. 100, where it was held that a statute creating a right of action for death caused by negligence gave no right of action for death from wilful, wanton or reckless conduct.
In the line of cases in this state ranging from Aiken v. Holyoke St. Ry. Co., 180 Mass. 8, S. C. 184 Mass. 269 to date, we. do not find anything to justify a conclusion that in the instant case there was conduct of a wilful, wanton or reckless nature. There was here nothing which was criminal or quasi criminal or such a palpable disregard of the plaintiff’s rights as to make the defendant’s act one akin to an intent to cause injury. There was a negligent sportive act by the defendant, but that cannot be the basis of liability in the relation which existed between the parties in the case at bar.
The trial judge denied the defendant’s 13th request, which reads, “the court is not warranted in finding that the defendant was guilty of a wanton, wilful or reckless disregard of the plaintiff’s safety.” This was prejudicial error. The defendant is entitled to judgment.
So ordered.