MARY J. DURBIN, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November 20, 21, 1906. — February 27, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Railroad.   Negligence.*

By an express provision of R. L. c. 111, § 267, a railroad corporation is not liable for causing the death of a person while walking or being upon its road contrary to law or to the reasonable rules and regulations of the corporation.   Even without such an express provision, there could be no liability to such a trespasser unless there was wilful or reckless misconduct on the part of the railroad corporation or its servants.

TORT under R. L. c. 111, §§ 267, 268, for causing the death of Alice Durbin, the plaintiff's intestate, while she was travelling

along Oak Street in Needham where the tracks of the defendant cross Oak Street at grade.   Writ dated May 10, 1903.

At the trial before *Wait,* J. it appeared that the plaintiff's intestate when struck by the train and killed was not upon Oak Street but was walking down the defendant's track.   The judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*F. F. Sullivan,* for the plaintiff.

*J. L. Hall,* for the defendant, was not called upon.

BRALEY, J.   Upon the undisputed evidence the plaintiff's intestate had turned from the side of the highway where it crossed the railroad track, and having passed within the defendant's location was walking in the middle of the roadbed, when she was struck and instantly killed by a passing train.   At common law, not having survived the injury, no action could be maintained, and the plaintiff relies on the provisions of R. L. c. 111, §§ 267, 268.   *Smith* v. *Thomson-Houston Electric Co.* 188 Mass. 371, 376.   But as the decedent's life was not lost by a collision with the defendant's engine or cars at a grade crossing the remedy given by § 268 is inapplicable, and it is expressly provided by § 267, that if at the time of death the person killed is walking on its road contrary to law the corporation shall not be liable.

Even without such a statutory provision, the decedent being a trespasser, the plaintiff could not recover unless wilful or reckless misconduct on the part of the defendant's engineer was shown, and of this there is no evidence.   *Johnson* v. *Boston & Maine Railroad,* 125 Mass. 75.   *Wright* v. *Boston & Albany Railroad,* 142 Mass. 296.   *McCreary* v. *Boston & Maine Railroad,* 153 Mass. 300, 304.

It consequently becomes unnecessary to consider the other questions argued.

*Exceptions overruled.*