CZESTAWA PRONDECKA, administratrix, *vs.* TURNERS FALLS
POWER AND ELECTRIC COMPANY.

SAME *vs.* SAME.

Franklin.   January 6, 1921. — March 21, 1921.

Present: RUGG, C. J., CROSBY, PIERCE, CARROLL, & JENNEY, JJ.

*Negligence,* Causing death.   *Death by Wrongful Act.   Wanton or Reckless Misconduct.   Statute,* Construction.

R. L. c. 171, § 2, as amended by St. 1907, c. 375 (see now G. L. c. 229, § 5), created no right of action for death arising from wanton or reckless misconduct.

Negligence and wanton, wilful or reckless conduct are not equivalents.   Following *Cotter* v. *Boston, Revere Beach & Lynn Railroad,* 237 Mass. 68.

The first count in a declaration in an action by an administrator against a corporation alleged that the defendant "wantonly and recklessly" opened the gates in a dam so that waters above the dam rushed down and thereby "did cause the plaintiff's intestate to be drowned."   A second count was based on negligence in suffering the waters "to be carried down as aforesaid so as to cause and causing the death" of the intestate.   The evidence tended to show that the intestate, when drowned, was at best a licensee on premises of the defendant.   The judge ordered a verdict for the defendant on the second count, but refused to do so on the first count, and there was a verdict for the plaintiff.   The defendant alleged exceptions.   *Held,* that

(1) On the defendant's exceptions, the propriety of the ordering of the verdict on the second count was not before the court;

(2) The question was not, whether in a given case wanton or reckless disregard of consequences might justify a finding of negligence, that not being the issue on the first count of the declaration;

(3) Since there was no relief given by statute for death by reason of wanton or reckless misconduct, the first count of the declaration set forth no breach of obligation by the defendant and a verdict for the defendant should have been ordered.

A statute cannot be extended by construction or enlargement beyond its fair import.

A statute giving a remedy for the causing of death by negligence cannot be extended by construction to give a remedy for the causing of death by wanton or reckless misconduct.

TWO ACTIONS OF TORT for the causing of personal injuries to and the deaths of the plaintiff's intestates, John Kashinski and Leo Nawrocki.   Writs dated September 22, 1919.

The declarations are described in the opinion.   The actions

were tried together before *Irwin*, J.   Material evidence and exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in each action on the first count of the declaration in the sum of $6,300; and the defendant alleged exceptions.

The cases were submitted on briefs.

*J. B. Ely, W. C. Giles & W. A. McDonough,* for the defendant.

*H. J. Field,* for the plaintiff.

JENNEY, J.   These are two actions of tort in which recovery is sought because of the deaths of John Kashinski and Leo Nawrocki, the plaintiff's intestates, who were drowned on September 13, 1919, in the Connecticut River a little below the dam at Turners Falls.   In the morning of that day, Kashinski and Nawrocki went fishing in the river, below the dam which withheld a large body of water from the natural flow of the stream.   After they had been fishing for some considerable time, one of two boys who had accompanied them noticed that the water was rising; by reason of its rising they were drowned.   Nawrocki lost his life in attempting to get úpon a rock which projected above the water, and Kashinski while endeavoring to cross the stream, apparently to aid one of his companions.   The rising water was caused by the opening of gates in the dam to relieve the pond because of a condition threatening an excessive flow of water.   The defendant owned the bed and banks of the stream below the dam, and there was evidence that it had posted and thereafter maintained signs forbidding trespassing thereon, but some witnesses testified that they never had seen the signs.   The evidence was conflicting, but it warranted a finding that the locality had been used quite frequently for fishing both before and after the signs had been put up.

The declarations were in three counts.   In each declaration the first count alleged that, while the intestate was in the exercise of due care and in the basin of the Connecticut River below ¡the dam of the defendant, the "defendant did, by its agents or servants, with utter disregard for the lives and safety of the plaintiff's intestate ¡[and of his companions] . . . , wantonly and recklessly open the gates to said dam and allow the same to remain open and its waters to rush down thereby exposing those in said basin to great bodily injury and did cause the plaintiff's intes-

tate to be drowned." The second counts were based on the negligence of the defendant's employees in suffering "the waters above its dam to be carried down as aforesaid so as to cause and causing the death" of the intestate; while the third count was for conscious suffering caused by the negligence charged in the second count.

At the close of the evidence, the defendant moved in each case for the direction of a verdict in its favor. The motion was denied as to the first counts, subject to the defendant's exceptions, and allowed as to the second and third counts, subject to the plaintiff's exceptions as to the second counts only. The jury found for the plaintiff in each case. As no bills of exceptions have been filed by the plaintiff, the correctness of the ruling as to the second counts cannot be considered.

It is unnecessary to state or consider the evidence bearing upon the neglect for which the defendant was responsible; and it is assumed for the purpose of the decision that the issue of due care of the intestates was properly submitted to the jury. Upon the counts submitted, the plaintiff cannot recover except upon proof of such conduct as entitles a trespasser or licensee to prevail.

In each case the defendant also requested the judge to rule: "On all the evidence you must find that the plaintiff's intestate was a trespasser," and excepted to the refusal to give the instruction. This exception, however, is of no importance. In the course of the charge to the jury, the judge said: "I will rule as matter of law, and I have told the jury, that the people were not invited there and that they were suffered to be there. I told Mr. Ely [attorney for the defendant] yesterday that is what I should say and he seemed to be satisfied, that they were not invitees, so to speak, but they were trespassers or licensees toward whom the defendant owed only the duty to refrain from wilfully injuring them. That is the plaintiff's case; that is the first count in the declaration." No exception was taken by the plaintiff to this ruling and it became the law of the case. It is, however, proper to say that the evidence disclosed no invitation or inducement to the plaintiff's intestates to use the defendant's premises. At most there was a passive acquiescence in the use. The intestates had no higher standing than that of licensees, *Hillman* v. *Boston Elevated Railway*, 207 Mass. 478, and cases there collected. *Cole*

*v. L. D. Willcutt & Sons Co.* 214 Mass. 453. *Laporta* v. *New York Central Railroad,* 224 Mass. 100. *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387.

The plaintiff's right of recovery is wholly under St. 1907, c. 375 (see now G. L. c. 229, § 5), and hence is restricted to the relief therein afforded. The statute creates a right of action for death caused by negligence, and fails to give relief where death is caused in any other way.

A landowner is under a duty to one upon his property as a licensee to refrain from any wilful, wanton, or reckless conduct likely to injure him. *Robbins* v. *Athol Gas & Electric Co. supra. Dillon* v. *Connecticut River Railroad,* 154 Mass. 478. That is the duty which the plaintiff alleges was not performed. The only count in each case which went to the jury states as a breach of an obligation of the defendant that it did certain acts "wantonly and recklessly." The declaration is not founded on negligence as such.

It is now settled that negligence and wanton, wilful, or reckless conduct are not equivalents. In the recent case of *Cotter* v. *Boston, Revere Beach & Lynn Railroad,* 237 Mass. 68, it was decided that "Under our decisions . . . the difference between negligence, whether ordinary or gross, and conduct which is wilful, wanton, in reckless disregard of the rights of others, is a difference in kind and not merely one of degree. 'In the first case the wrong-doer is guilty of nothing worse than carelessness. In the last he is guilty of a wilful, intentional wrong. His conduct is criminal or *quasi* criminal. If it results in the death of the injured person, he is guilty of manslaughter.' *Aiken* v. *Holyoke Street Railway,* 184 Mass. 269, 271. *Altman* v. *Aronson,* 231 Mass. 588." In the case last cited, at page 592, after a discussion of the distinction between gross negligence and ordinary negligence it is said: "But it [gross negligence] is something less than the wilful, wanton and reckless conduct which renders a defendant who has injured another liable to the latter even though guilty of contributory negligence, or which renders a defendant in rightful possession of real estate liable to a trespasser whom he has injured. It falls short of being such reckless disregard of probable consequences as is equivalent to a wilful and intentional wrong.

Ordinary and gross negligence differ in degree of inattention, while both differ in kind from wilful and intentional conduct which is or ought to be known to have a tendency to injure."

The question is not whether in a given case wanton or reckless disregard of consequences may justify a finding of negligence. That is not in issue on the counts submitted to the jury. See *Spooner* v. *Old Colony Street Railway*, 190 Mass. 132, 135; *Lanci* v. *Boston Elevated Railway*, 197 Mass. 32, 35; *Yancey* v. *Boston Elevated Railway*, 205 Mass. 162.

As the declaration sets forth no breach of the obligation imposed by statute, and as apart from statute no liability exists, the jury should have been directed as requested to render a verdict for the defendant upon the first counts, and hence the exceptions must be sustained. The question here decided does not arise in England, nor in jurisdictions in which statutes based upon Lord Campbell's act prevail. See Tiffany on Death by Wrongful Act, xx, 73, 130. That act gave a remedy for deaths caused by "wrongful act, neglect, or default," while our statutes have given relief when death is caused by negligence of some degree, or unfitness of servants or agents. St. 9 & 10 Vict. c. 93. St. 1840, c. 80. St. 1853, c. 414, § 1. St. 1887, c. 270, § 2. St. 1897, c. 416. St. 1898, c. 565. St. 1907, cc. 375, 392. G. L. c. 229, §§ 2–5.

In *Carey* v. *Berkshire Railroad*, 1 Cush. 475, 480, it is pointed out by Metcalf, J., that while the English statute gives damages when death is caused by the wrongful act, neglect, or default of another, yet under St. 1840, c. 80, — upon which all our subsequent death statutes have been based, — "A limited penalty is imposed, as a punishment of carelessness in common carriers." See also *Commonwealth* v. *Boston & Lowell Railroad*, 134 Mass. 211, 213; *Littlejohn* v. *Fitchburg Railroad*, 148 Mass. 478, 482; *Hudson* v. *Lynn & Boston Railroad*, 185 Mass. 510, 513, 518; *Renaud* v. *New York, New Haven & Hartford Railroad*, 210 Mass. 553, 557; *Brown* v. *Thayer*, 212 Mass. 392, 397; *Johnston* v. *Bay State Street Railway*, 222 Mass. 583. These cases all recognize the limited scope of the cited statutes of this Commonwealth.

A statute cannot be extended by construction or enlargement beyond its fair import. If it does not reasonably include a right of action, none can be implied. The argument of hardship or unintentional omission is not enough. Nor is a statute enlarged

because it does not give a remedy for something of more flagrant character than that to which it applies. The omission to include something which by parity of reason ought equally to be provided for may call for legislative action; but that is the sole remedial agency.

The remaining exceptions are not considered as they relate to questions not likely to arise at a new trial.

*Exceptions sustained.*