JAMES E. HAFEY, administrator, *vs.* TURNERS FALLS POWER
AND ELECTRIC COMPANY.
SAME *vs.* DWIGHT MANUFACTURING COMPANY.

Hampden.    October 20, 1921. — November 23, 1921.

Present: RUGG, C.J., CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Trespasser, Licensee, Causing death.  *Wanton and Reckless Misconduct.  Evidence,* Relevancy and materiality.

A part of Caleb's Island in the Chicopee River was owned by a manufacturing corporation and for many years before May 18, 1919, had been used for playing base ball and other games, and on one occasion the corporation gave permission to a number of boys to play ball there, provided no damage was done to the trees.  The approach to the island was by a railroad bridge, on which there was no foot bridge and on which were signs, "No Trespassing."  Across the tract of land were stretched wires maintained by an electric company for the transmission of electricity to the manufacturing plant.  Neither corporation took any active measures to prevent the use of the land.  One who, on May 18, 1919, was walking along a path on the island with a fish pole over his shoulder, was killed when the pole came into contact with an uninsulated portion of an electric wire at a point where it sagged to within ten feet of the ground.  In separate actions against the two corporations for the causing of the death by negligence, verdicts were ordered for the defendants.  On exceptions by the plaintiff it was *held,* that

(1) A finding that the decedent was induced or invited by either defendant upon the land in question was not warranted;

(2) Whether the deceased was a licensee or a trespasser upon the land in question, the only duty owed to him by either defendant was to refrain from any wilful, wanton or reckless conduct which was likely to injure him;

(3) Neither defendant was under a duty to inspect the premises and keep them safe for the benefit of the deceased;

(4) There was no evidence of wilful, reckless or wanton misconduct on the part of either defendant;

(5) The verdicts properly were ordered.

Evidence, offered at the trial of the actions above described and tending merely to show that the construction of the wires was defective, was held properly to have been excluded.

It was proper, at the trial of the actions above described, to admit evidence tending to show that, upon the railroad bridge which was the only approach to the island, and upon which there was no foot bridge, there were signs with the words "No trespassing."

TWO ACTIONS OF TORT, by the administrator of the estate of Joseph Stefanik, late of Chicopee, for the causing of the death

on May 18, 1919, of the intestate while he was on premises in the control of the defendant in the second action and was carrying a fishing pole which came in contact with an uninsulated wire maintained by the defendant in the first action. Writs dated July 17, 1919, and August 4, 1919.

In the Superior Court the actions were tried together before *King*, J. Material evidence and rulings of the judge upon matters of evidence are described in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant in each action. The trial judge then reported the first action to this court for determination upon the stipulation of the parties that, if there was evidence warranting the submission of the case to the jury, judgment was to be entered for the plaintiff in the sum of $2,000; otherwise, judgment was to be entered for the defendant. In the second action, the plaintiff alleged exceptions.

The cases were submitted on briefs.

*G. D. Cummings, G. F. Leary & P. E. Tierney*, for the plaintiff.

*H. W. Ely & J. B. Ely*, for the defendant in the first action.

*N. P. Avery, A. S. Gaylord & R. L. Davenport*, for the defendant in the second action.

CARROLL, J. The Dwight Manufacturing Company owned a large portion of a tract of land known as "Caleb's Island," situate in the Chicopee River, near its mill in Chicopee. Electric power was supplied this defendant by the Turners Falls Power and Electric Company (hereinafter called the Electric Company) by means of wires owned and maintained by it and strung across the island. The plaintiff's intestate was killed while walking on the part of the island owned by the Dwight Manufacturing Company, when a steel fish pole carried on his shoulder came in contact with an uninsulated wire of the Electric Company, charged with thirteen thousand two hundred volts. The actions are to recover for the death of the intestate, and were tried together. In the case against the Dwight Manufacturing Company a verdict was ordered for the defendant and the plaintiff excepted. In the case against the Electric Company a verdict was directed for the defendant and the case reported to this court.

Caleb's Island, including the part owned by the Dwight Manufacturing Company, had been used for many years for the purpose

of playing baseball and other games; and on one occasion permission was given by the agent of the Dwight Manufacturing Company to a number of boys to play ball there, provided no damage was done to the trees. There was a well beaten path on the island and the evidence showed that the plaintiff's intestate was walking on this path when his fishing pole came in contact with the uninsulated wire which had been allowed to sag within ten feet of the ground, thereby causing his death. In order to reach the island the plaintiff's intestate had to cross the Boston and Maine Railroad bridge on either side of which there was a sign which forbade trespassing.

There was no evidence that any invitation, expressed or implied, was at any time given by either defendant to the plaintiff's intestate to go upon the land or use the premises for any purpose. Even if he were not a trespasser, at most he was a licensee, he took the premises as they were and could not complain if they were not safe. The only legal duty owed him as such licensee upon the land of the Dwight Manufacturing Company, by either the landowner or the Electric Company, was to refrain from any wilful, wanton or reckless conduct which was likely to injure him. "The great weight of authority seems to be that, as in the case of the land, so in the case of appliances thereon where danger is not concealed, the owner or occupier of the premises owes no duty to a mere licensee to take proper precautions to protect him, but is answerable only for injuries inflicted wantonly or wilfully. And this is so whether the licensee falls against the appliance or whether by reason of the lack of ordinary care of the owner to keep it in repair the appliance or some part of it strikes him." *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449, at page 453. *Jones* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 521. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. *Prondecka* v. *Turners Falls Power & Electric Light Co.* 238 Mass. 239. And the same rule is applicable to the owner of an appliance who constructs it on the land of another with his consent. *Robbins* v. *Athol Gas & Electric Co. supra.* The mere fact that the owner of the land did not take active measures to prevent its use, in the way shown on this record, did not amount to an inducement or invitation to use the premises. *Youngerman* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 29. *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135. Neither defendant was bound

to inspect the premises and keep them safe for the benefit of a mere licensee. *Romana* v. *Boston Elevated Railway,* 218 Mass. 76, is to be distinguished. In that case the defendant had notice that electricity was escaping from the defendant's wires into the pole and that this was a source of concealed danger to those who were in the habit of going by the path past the pole; and the agent of the defendant knew that they were exposed to danger from the escape of electricity. *Boutlier* v. *Malden,* 226 Mass. 479, cited by the plaintiff, is not applicable. See *Robbins* v. *Athol Gas & Electric Co. supra,* at page 390. As there was no breach of duty on the part of the defendants there was no negligence

There was no evidence of wilful, reckless or wanton conduct on the part of either the Dwight Manufacturing Company or the Electric Company. As no breach of duty was shown, the plaintiff, on the facts disclosed on this record, cannot recover for the death of his intestate. The case is completely covered by *Robbins* v. *Athol Gas & Electric Co. supra.*

The plaintiff was not harmed by the exclusion of the testimony of the witness Connor. Even if the construction of the wires were defective, neither the landowner, nor the Electric Company who owned and operated them, was under any duty to a licensee to keep them in a safe condition, and the defendants are not liable for mere negligence.

The plaintiff also excepted to the evidence that on either side of the railroad bridge, which it was necessary to pass over before reaching the island, and on which there was no foot bridge, there was a sign "No trespassing." This evidence was clearly admissible. The defendants could show by proper evidence the relation in which they stood to the intestate, and if in order to reach the island it was necessary to cross a railroad bridge where there was a sign forbidding trespassing, it was a pertinent fact which the defendants could introduce in evidence.

In the case against the Turners Falls Power and Electric Company judgment is to be entered for the defendant. In the case against the Dwight Manufacturing Company the exceptions are overruled.

*So ordered.*