AGNES C. MURPHY, administratrix, *vs.* BOSTON AND MAINE RAILROAD.

Suffolk. December 14, 1923. — February 27, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Negligence,* Invited person or licensee, Railroad.

At the trial of an action by an administratrix against a railroad company for the causing of the conscious suffering and death of the plaintiff's intestate, there was evidence tending to show that the intestate was employed as a carpenter by a company which was constructing a building in the yard of a manufacturer into which, on a track owned by the manufacturer, the defendant ran cars; that it was customary for men in the yard to cross the railroad track to a hydrant, in a different part of the yard than that where the intestate was working, for the purpose of getting a drink of water and that there was a path across the tracks leading to the hydrant; that while the intestate was returning from the

hydrant where he had gone for a drink and was crossing the track, he
was struck by a car operated by the defendant. There was no evidence
of wanton or reckless misconduct on the part of the defendant. *Held,*
that

(1) The intestate was not invited by the manufacturer to go on the
track, but was there at most as a licensee of the manufacturer, to whom
the defendant owed no greater duty than to refrain from reckless and
wanton misconduct;

(2) In the absence of evidence of reckless or wanton misconduct, a
finding for the plaintiff was not warranted.

TORT by the administratrix of the estate of Pius S. Murphy
to recover for the causing of conscious suffering and the death
of the plaintiff's intestate, who on April 6, 1916, was run
over by a coal car of the defendant on a private side track
in the coal yard of the Darrow-Mann Company in that part
of Boston known as Charlestown.   Writ dated July 21, 1916.

In the Superior Court, the action was tried before *King,*
J.   Material evidence is described in the opinion.   At the
close of the evidence, the judge refused to order a verdict
for the defendant.   There was a verdict for the plaintiff in
the sum of $2,000 for causing the death of the plaintiff's
intestate, and in the sum of $3,000 for his conscious suffering.
The defendant alleged exceptions.

*A. W. Rockwood,* for the defendant.

*T. H. Bilodeau,* for the plaintiff.

CARROLL, J.   This action is to recover damages for the
death and conscious suffering of the plaintiff's intestate,
who was run over by a car of the defendant in the coal yard
of the Darrow-Mann Company.   The action is brought
by the Aetna Life Insurance Company, Agnes C. Murphy
having been paid compensation under the workmen's com-
pensation act as a dependent of the intestate.

The deceased was employed by the Leahy-Rattigan Con-
struction Company, as a carpenter.   This company was
building a transformer station and office building in the
yard of the Darrow-Mann Company, and was doing the
planking and cap logging on a wharf on the premises, under
a contract with the Darrow-Mann Company.   On April 6,
1916, the defendant was operating its cars in the yard of the
Darrow-Mann Company, under a contract with this com-

pany. A fire hydrant, a part of the Darrow-Mann equip-ment, was located on the easterly side of the railroad track; a hose was frequently attached to this hydrant for construction work and sometimes it was "equipped with a faucet"; "when the men there wanted a drink of water they went over to hydrant to get it. . . . The Leahy-Rattigan company's men used the hydrant to get water and . . . sometimes the men going over there for a drink would take off the hose used for construction work and drink at the faucet"; the employees of the Darrow-Mann Company used the hydrant for drinking purposes. "All the different men from all over the plant resorted to this hydrant for drinking water, the hydrant being the only place in the plant where you could get a drink of water." There was a path across the tracks leading to the hydrant.

On April 6, the day of the accident, the intestate was working with other employees of the Leahy-Rattigan Construction Company on the wharf on the westerly side of the tracks; he walked up the yard to a point opposite the hydrant and crossed the tracks, which were two or three feet higher than the coal field, to get a drink of water; while returning, in crossing the track, he was struck by a car operated by the defendant. The office building which the Leahy-Rattigan company was constructing for the Darrow-Mann Company was on the easterly side of the railroad tracks, at least six hundred feet from the hydrant. Murphy had done some work on this building but had been employed at the wharf for a week or more before the accident, and on that day "only finishing up work such as putting in the chair rail and adjusting doors was being done upon the office building." The transformer station and locker building for wearing apparel and tools adjoined the transformer station on the westerly side of the tracks. There was no way from the locker and transformer building to the hydrant except by crossing the tracks.

The plaintiff's intestate was working on the premises of the Darrow-Mann Company; his employer, the Leahy-Rattigan Construction Company, under its contract was to do certain work on the Darrow-Mann Company's premises;

but the work in which the intestate was engaged was in a different part of the yard than the part where the tracks and hydrant were located, and did not call upon him to cross the tracks to the hydrant.    No invitation was given him to cross the tracks or go to the hydrant, either by the defendant or the Darrow-Mann Company.    The fact that a pathway existed over the tracks at this point, that the employees of the various contractors used the pathway in going and returning from the hydrant and used the hydrant for drinking purposes, did not amount to an invitation by the owner of the land to cross the tracks.

Knowledge of such use does not amount to an invitation; the mere passive acquiescence in the use to which this portion of the premises was put was not equivalent to an inducement or invitation to use them in this way.    *Sweeny* v. *Old Colony & Newport Railroad*, 10 Allen, 368.    *Wheelwright* v. *Boston & Albany Railroad*, 135 Mass. 225.    *Youngerman* v. *New York, New Haven & Hartford Railroad*, 223 Mass. 29.    *Laporta* v. *New York Central Railroad*, 224 Mass. 100.    *Doherty* v. *New York, New Haven & Hartford Railroad*, 229 Mass. 135.

The deceased was not required to cross the tracks.    In going to the hydrant for his own purposes he was not an invitee but was a licensee of the Darrow-Mann Company.    *Severy* v. *Nickerson*, 120 Mass. 306.    *Laporta* v. *New York Central Railroad*, supra.    *Carey* v. *Gray*, 98 N. J. L. 217.

In *Carpenter* v. *Sinclair Refining Co.* 237 Mass. 230, it could have been found that the plaintiff was invited to use the rheostat in the performance of his work and that he was " not a volunteer or intermeddler."    In *Crimmins* v. *Booth,* 202 Mass. 17, the plaintiff when injured was at work on one of the hatches of a vessel in the course of his employment.    *Boyle* v. *Columbian Fire Proofing Co.* 182 Mass. 93, is not in conflict.    In that case the plaintiffs were employees of the defendant and going from the eighth floor of the building, which they were engaged in erecting, to eat dinner when the accident occurred; this was held to be an incident of the workmen's employment.    In *Olsen* v. *Andrews,* 168 Mass. 261, the plaintiff was injured by the negligence of

his employer's servant, while crossing a bridge on his way from dinner, on a certain track which was given up to the defendant by the railroad company, and the only way from the plaintiff's work to his boarding place was over this bridge.

The defendant in the discharge of its contract with the Darrow-Mann Company had the right to use the tracks on the premises of the Darrow-Mann Company. The defendant's duty to the plaintiff's intestate was no greater than the duty owed to him by the Darrow-Mann Company. He was not invited by the defendant to use the premises, and he stood toward the defendant as a licensee. The case is governed by *Cole* v. *L. D. Willcutt & Sons Co.* 214 Mass. 453. The plaintiff in that case was not in the employ of the defendant, but was employed by another contractor on the building. The defendant was engaged in constructing a stairway, which the employees of the other contractor sometimes used during its erection and at times used the elevator. It was held that the defendant's passive acquiescence in the use of the stairway gave the plaintiff as against the defendant only the rights of a licensee. *Blackstone* v. *Chelmsford Foundry Co.* 170 Mass. 321.

The duty of the defendant toward the plaintiff's intestate as a licensee was to refrain from wilful, wanton or reckless conduct and there was no evidence of such conduct. *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155. This duty applies not only to the care and maintenance of permanent structures but to the work done on the premises by the owner or the contractor. Neither the owner nor the contractor is liable for mere negligence to a licensee in the performance of work upon the premises; and unless there is evidence of wilful or wanton conduct the injured licensee cannot recover. *Jones* v. *New York, New Haven & Hartford Railroad,* 211 Mass. 521. *Robbins* v. *Athol Gas & Electric Co. supra. Murphy* v. *Avery Chemical Co.* 240 Mass. 150. *Hafey* v. *Turners Falls Power & Electric Co. supra.*

*O'Neil* v. *National Oil Co.* 231 Mass. 20, and *Boutlier* v. *Malden,* 226 Mass. 479, are to be distinguished. In *O'Neil* v. *National Oil Co.* the plaintiff was upon the premises

where she was employed as a maid. The jury could have found that she was upon the driveway when injured and that the excavation extended into the driveway; even if she were not upon the driveway, in walking upon the premises of her employer she was in the rightful use of them, under the particular circumstances of the case, and stood toward the wrongdoer in the right of her employer. In *Boutlier v. Malden,* evidence was excluded tending to show that the intestate was upon the land with the implied invitation of the owner; and it did not appear that the defendant had the right to use the place for its poles and wires. *Sughrue v. Booth,* 231 Mass. 538, is not applicable to the facts shown in the case at bar: in that case the vessel on which the plaintiff was killed was in the custody of the United States marshal, and the intestate had been appointed its custodian; he was lawfully upon the vessel. *Berube* v. *New York, New Haven & Hartford Railroad,* 234 Mass. 415, 420.

The defendant's motion for a directed verdict should have been allowed.

*Exceptions sustained.*
*Judgment to be entered for the defendant.*