TIMOTHY J. McCARTHY, administrator, *vs.* BOSTON AND
MAINE RAILROAD
(and a companion case).

Essex.    November 6, 1945. — May 3, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Railroad*, Grade crossing. *Negligence*, Invited person, Licensee, Grade
crossing.

A finding, that a railroad corporation had impliedly invited the public
to use a private grade crossing which it was bound by deed to main-
tain for the benefit of the adjoining lands and which had been used
by the public for many years in going to a cemetery and public play-
ground, was not warranted by evidence showing at most mere passive
acquiescence by the corporation in such use.

TWO ACTIONS OF TORT. Writs in the District Court of
Lawrence dated August 27, 1942.

Upon removal to the Superior Court, the actions were
tried together before *Brogna*, J.

*W. H. Sleeper*, for the plaintiffs.

*F. P. Garland*, for the defendant.

SPALDING, J.    These are two actions of tort brought to
recover for the deaths on August 29, 1941, of Margaret J.
and Rose McCarthy resulting from a collision of an auto-
mobile in which they were riding with a train of the de-
fendant. At the close of the plaintiffs' evidence the defend-
ant rested and moved for directed verdicts on all counts
then remaining in the declaration in each case.[1] The mo-
tion was granted except as to the first count in the action
brought by the administrator of the estate of Rose McCarthy
and the first and ninth counts in the action brought by the
administrator of the estate of Margaret J. McCarthy. These
counts[2] were submitted to the jury and verdicts for the

---

[1] The plaintiff waived the fifth count in each declaration.

[2] In the first count in each case the plaintiff seeks recovery for the death
of his intestate by reason of negligence of the defendant in the operation of
its locomotive; the ninth count in the action brought by the administrator
of the estate of Margaret J. McCarthy is for property damage to the intestate's
automobile.

plaintiffs were received and recorded with leave reserved. Thereafter the judge entered verdicts for the defendant subject to the plaintiffs' exceptions. Exceptions were also taken to the direction of verdicts on the other counts, but since they have not been argued we need not discuss them, *Commonwealth* v. *Dyer*, 243 Mass. 472, 508; we shall consider therefore only the exceptions to the entry of the verdicts under leave reserved.

The accident happened on August 29, 1941, about 5:30 P.M. standard time, at a crossing on the defendant's tracks in Andover. The automobile involved in the accident was owned by the intestate Margaret J. McCarthy who at that time was operating it; the intestate Rose McCarthy, Margaret's mother, was a passenger in it. The automobile was travelling westerly on a way leading across the tracks of the defendant to St. Augustine's Cemetery, an entrance to which was a few yards west of the crossing.

At the outset it is necessary to consider whether the crossing was public or private. It appears that the land on which the crossing was located was acquired by the defendant in 1850 by a deed from Swift and Abbott which recited that "Said company are also to make and maintain a pass over their rails at grade for the passage of teams to go from the land adjoining each side over the railroad in the cultivation of said land; also to maintain fences on each side of their railroad adjoining our land." The present crossing is located at the same place as the "pass" mentioned in the deed. While there was evidence that the public had used this crossing to a considerable extent for many years, it did not go far enough to establish the existence of a right of way by prescription prior to 1892, and none could be so acquired afterwards. G. L. (Ter. Ed.) c. 160, § 114. *Simpson* v. *Boston & Maine Railroad*, 176 Mass. 359, 362. *Berube* v. *New York, New Haven & Hartford Railroad*, 234 Mass. 415, 419. See *Cooley* v. *Boston & Maine Railroad*, 303 Mass. 371, 374. It is plain from the foregoing that the way where the accident happened was not a public crossing.

It becomes necessary to determine whether the intestates

were using the crossing as bare licensees or trespassers on the one hand, or pursuant to an invitation or inducement, express or implied, by the defendant on the other hand. The evidence pertinent to this issue was as follows: The crossing was about eighteen hundred feet from the Andover station. The way leading to it as one approached it travelling in a westerly direction was a rough gravel road. On the west side of the tracks was an entrance to the cemetery. Beyond the cemetery was a public playground. The public for many years had used the crossing in going to the cemetery and to the playground. There was a swinging gate on the east side of the crossing which could be opened and closed by hand, but it was seldom, if ever, closed. From photographs which are before us it appears that on the gate in crudely chalked or painted lettering were the words "Please keep this gate closed." There were planks between the rails at the crossing. The appearance of the crossing was that of a farm or country crossing.

There was no evidence that an express invitation was extended to the intestates. Therefore the plaintiffs must show that their intestates were impliedly invited to use the crossing by some allurement or inducement held out by the railroad. *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 373. *Brosnan* v. *Koufman,* 294 Mass. 495, 499. Mere passive acquiescence by the defendant in the use made of the crossing by the public was not equivalent to an invitation or inducement. *Wheelwright* v. *Boston & Albany Railroad,* 135 Mass. 225, 229. *Youngerman* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 29, 31. *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135, 139. *Murphy* v. *Boston & Maine Railroad,* 248 Mass. 78, 81. Nor can the failure to take active measures to prevent such use be construed as an invitation. *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135, 139. *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155, 157. *Bruso* v. *Eastern States Exposition,* 269 Mass. 21, 24.

There was no evidence that would warrant a finding that the defendant had impliedly invited the public to use the crossing. The defendant was obliged to maintain the crossing

for the purposes set forth in the reservation contained in the deed from Swift and Abbott in 1850. Whatever it did to maintain it was consistent with this obligation. The most that can be said of the evidence here is that it shows acquiescence in the use of the crossing; it would not warrant a finding of invitation or inducement. *Berube* v. *New York, New Haven & Hartford Railroad,* 234 Mass. 415. *Couto* v. *Trustees of New York, New Haven & Hartford Railroad,* 312 Mass. 23, 27, and cases cited. Properly no contention is made that the intestates were using the crossing for the purposes set forth in the deed.

As the intestates were mere licensees and as there was no evidence that the defendant was guilty of reckless or wanton conduct, the judge rightly entered verdicts for the defendant under leave reserved. *Sypher* v. *Director General of Railroads,* 243 Mass. 568. *Cooley* v. *Boston & Maine Railroad,* 303 Mass. 371, 377.

*Exceptions overruled.*