No. 377808

## EGYPTIAN CHEMICAL COMPANY

v.

## THE FURNITURE OUTLET OF BOSTON, INC.

(June 15, 1954)

*Adlow, C. J.* This is an action of tort in which the plaintiff seeks to recover on the following declaration:

"The plaintiff says that on September 17, 1953 the defendant, its agents or servants, negligently operated a motor vehicle on premises of Star Market in Newton, and as a result a motor vehicle, the property of the plaintiff, was damaged, was caused to depreciate in value, and the plaintiff lost the use of same."

The defendant duly filed a demurrer as follows:

The defendant, without waiving its answer herewith, demurs to the plaintiff's declaration, and for cause of demurrer, says that:

1.  Said declaration does not state the substantive

facts necessary to constitute a legal cause of action against this defendant substantially in accordance with the requirements of Chapter 231 of the General Laws.

2. Said declaration contains conclusions of law which are not properly a part thereof."

Without waiving its demurrer it also answered with pleas of general denial, contributory negligence, and denial of agency.

After hearing, the Court sustained the defendant's demurrer and gave the plaintiff leave to file a substitute declaration within five days. The plaintiff did not file such substitute declaration, and the plaintiff being aggrieved by the action of the court in sustaining the demurrer brings this report.

There was no error in sustaining the demurrer. The declaration did not set up any cause of action *with substantial accuracy*. If the premises of the Star Market were private property, and the defendant was an occupier of same, it would not be liable to the plaintiff for injury suffered as a consequence of mere negligence. *Hafey v. Turner Falls Power and Electric Co.*, 240 Mass. 155, 157. If the premises of the Star Market were commonly used as a public way, the defendant would be liable for the consequences of the negligence of its agents. In the absence of any allegation to the effect that the area was used as a public way, the plaintiff is limited to the rights of an occupier of private land. Under these conditions he would have no rights to recover for injuries deriving from the negligent acts of the defendant. *Hafey v. Turner Falls Power and Electric Co.*, supra. As to the effect of inconsistent theories on which the plaintiff's action rests, see *Gosline v. Albro Clem Elevator Co.*, 174 Mass. 38, 40.

*Report Dismissed.*

Robert W. Cornell, for the plaintiff.
Snyder & Tepper, for the defendant.