James A. Corrado & another, administrators, *vs.* The New York, New Haven and Hartford Railroad Company.

Suffolk. December 9, 1955. — January 3, 1956.

Present: Qua, C.J., Wilkins, Spalding, Williams, & Whittemore, JJ.

*Death. Railroad,* Person on track, Fence, Liability for death. *Negligence,* Trespasser, Licensee, Invited person.

There could be no recovery under G. L. (Ter. Ed.) c. 229, § 2A, inserted by St. 1949, c. 427, § 3, against a railroad for the death of a seven year old boy struck and killed by a train while he was on the track where the evidence showed that the boy, in order to retrieve school papers which had blown from his hand, went on the track by stepping over a stretched and bent down part of a metal link fence and was on the track contrary to law, and there was no evidence of wanton or reckless conduct on the part of the railroad.

TORT. Writ in the Superior Court dated September 29, 1951.

The action was tried before *O'Connell, J.,* who ordered a verdict for the defendant.

*Sidney Heimberg, (Harry H. Fienman* with him,) for the plaintiffs.

*Noel W. Deering,* for the defendant.

WHITTEMORE, J.   The plaintiffs' bill of exceptions shows that the plaintiffs' intestate, a seven year old boy, entered upon the tracks of the defendant's Old Colony division at a spot near the building formerly operated as the Harrison Square station to retrieve spelling papers which had blown from his hand.   The jury could have found that these were of potential value to him as he had been promised a modest reward for papers marked one hundred per cent correct. While on the tracks he was hit by the defendant's train and died shortly thereafter.   The verdict for the defendant was rightly directed.

Whether the plaintiffs' intestate was a trespasser or, because he had entered to save property in jeopardy of destruction, he was a licensee by implication of law, as the plaintiffs contend (*Proctor* v. *Adams,* 113 Mass. 376), the defendant at most owed him only the duty to refrain from wilful, wanton, or reckless misconduct.   *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155, 157.   *Laporta* v. *New York Central Railroad,* 224 Mass. 100.   There is no evidence of such misconduct here.

The plaintiffs' intestate in any event was not a licensee and the death statute by its terms was inapplicable.   Whatever the scope of the principle stated in *Proctor* v. *Adams,* it does not operate to give any "right" to be on the tracks of a railroad in the path of an engine.   General Laws (Ter. Ed.) c. 160, § 218, provides that "Whoever without right knowingly stands or walks on a railroad track shall forfeit not less than five nor more than fifty dollars."   While the application of this to a child of the age of the plaintiffs' intestate would be controlled by G. L. (Ter. Ed.) c. 119, §§ 53 and 54 et seq., the existence of the statute did operate

to make the presence on the track of the plaintiffs' intestate contrary to law. The right to recover for death of the plaintiffs' intestate is governed by G. L. (Ter. Ed.) c. 229, § 2A, inserted by St. 1949, c. 427, § 3, and that section provides, ". . . but a corporation . . . shall not be so liable for the death of a person while walking or being upon its railroad contrary to law or to the reasonable rules and regulations of the corporation . . .." *Durbin* v. *New York, New Haven & Hartford Railroad,* 194 Mass. 181.

It was undisputed that the plaintiffs' intestate entered upon the tracks by mounting concrete steps which formerly led to the station platform and stepping over a metal link fence at a place where it had been stretched and bent down so that a step over it was not difficult. This condition was not an invitation to a seven year old boy to enter upon the tracks. See *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155, 157. The statutory obligation to fence imposed by G. L. (Ter. Ed.) c. 160, § 93, has been held to be for the protection of owners of adjoining lands. *Byrnes* v. *Boston & Maine Railroad,* 181 Mass. 322. *Menut* v. *Boston & Maine Railroad,* 207 Mass. 12. Even if we were now to extend the intendment of the statute to protect children (see *New York Central & Hudson River Railroad* v. *Price,* 159 Fed. 330, 333 [C. C. A. 1]), so that there could be found evidence of negligence in the lack of the repair of the fence, this would not avail the plaintiffs. The fence in its bent-down condition still spoke not by way of invitation, but of warning to keep out.

It is unnecessary to deal with questions which the plaintiffs have argued as to the fact of or liability for negligence. However it may be noted that there was insufficient evidence to have supported a finding of negligence and that it is too late, in view of the many decisions to the contrary, and the statutory history,[1] to ask, as the plaintiffs here do,

---

[1] See *Dillon* v. *Connecticut River Railroad,* 154 Mass. 478; *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239, *S. C.* 241 Mass. 100; *Desmond* v. *Boston Elevated Railway,* 319 Mass. 13, 14; G. L. c. 229, §§ 1–5; St. 1922, c. 439; St. 1946, c. 614, § 1; St. 1949, c. 427, § 3.

that we hold that the death statute by its terms allows recovery for negligence even in the case of trespassers and licensees.  Compare *Flynn* v. *Lewis*, 231 Mass. 550, 555; *Gallup* v. *Lazott*, 271 Mass. 406; *Oliveria* v. *Oliveria*, 305 Mass. 297, 302; *Hanlon* v. *White Fuel Corp.* 328 Mass. 455, 458, holding that under the death statute recovery may be had for ordinary negligence even though the decedent, had he lived in order to recover for injuries, would have had to prove gross negligence.

*Exceptions overruled.*