WILLIAM W. CANTY, administrator, *vs.* The NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Norfolk.   January 6, 7, 1958. — February 12, 1958.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Railroad,* Person on track, Grade crossing. *Negligence,* Invited person; Licensee; Railroad: grade crossing, person on track. *Wanton or Reckless Conduct.*

Evidence respecting a planked crossing extending from a dead end of a street at a railroad location across double tracks to a station platform at the other side of the location, and of use of the crossing by residents in the vicinity for many years, showed at most that the railroad passively acquiesced in such use and that one struck by a train while using the crossing as a short cut on his way home was only a licensee. [39–40]

A finding of wanton or reckless conduct on the part of a railroad was not warranted by evidence of the circumstances in which a rapidly moving train not scheduled to stop at a certain station struck a person walking across the tracks near the station on a planked crossing whence he had a view of the tracks for several hundred feet in either direction. [40]

TORT.   Writ in the Superior Court dated March 4, 1954. The action was tried before *Cahill,* J.

*Henry Lawlor,* for the plaintiff.

*Noel W. Deering,* for the defendant.

RONAN, J.   This is the plaintiff's exception taken to the direction of a verdict for the defendant on the plaintiff's opening in an action of tort to recover damages for the conscious suffering and death of the plaintiff's intestate who was struck by a train shortly before five o'clock on an afternoon in January, 1954, as he was crossing the tracks in front of the Norfolk Downs station in the city of Quincy. The opening by permission of the court included certain photographs and plans.

Billings Road is a public way running westerly from Hancock Street to the easterly side of the location of the rail-

road where it becomes a dead end street separated from the location by a series of concrete posts which are not connected with each other by a railing or cable. A double set of tracks runs through the middle of the location flanked on each side by a platform or sidewalk. A planked crossing extends over both tracks between the platform near the dead end of Billings Road to the opposite platform nearly in front of the station. A person on the planked crossing has a view of a train approaching from the north or south for several hundred feet.

The intestate was on the planked crossing on the way to his home, which was in the neighborhood in the rear of the station, when he was struck by the train. The intestate was familiar with this short cut to his home. He and other people who reside in the vicinity had used it for many years. There was no sign restricting their use or forbidding them to cross the tracks. The train was travelling fifty or sixty miles an hour and was not scheduled to stop at Norfolk Downs.

The facts which the plaintiff proposed to show as to the use of the location by persons as a convenient means of access to their homes and other parts of the city were not sufficient to show that the defendant was bound to provide a safe crossing for them in travelling over the tracks. Compare *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368; *Hanks* v. *Boston & Albany Railroad,* 147 Mass. 495. The intestate was not a business invitee of the defendant. Its premises were not set up to induce anyone other than those having business relations with it to use its premises. *Durbin* v. *New York, New Haven & Hartford Railroad,* 194 Mass. 181. *Broughton* v. *Boston & Maine Railroad,* 290 Mass. 80. *Corrado* v. *New York, New Haven & Hartford Railroad,* 333 Mass. 417.

The proposed evidence would go no farther than to show passive acquiescence by the defendant in the use of the crossing by those who lived in the neighborhood of the rear of the station. *Couto* v. *Trustees of New York, New Haven & Hartford Railroad,* 312 Mass. 23. *McCarthy* v. *Boston & Maine Railroad,* 319 Mass. 470. *Guertin* v. *Trustees of New*

*York, New Haven & Hartford Railroad,* 322 Mass. 91. *Neofotistos* v. *Trustees of New York, New Haven & Hartford Railroad,* 326 Mass. 647. *O'Brien* v. *Boston & Maine Railroad,* 325 Mass. 451, 455–456. The rights of the intestate rose no higher than those of a licensee and the plaintiff could not recover without proof of wilful, wanton, or reckless conduct upon the part of the defendant. "An engineer may properly assume that a traveller will not attempt to pass in front of a rapidly approaching train in the absence of any indications to the contrary." *Pooles* v. *Boston & Maine Railroad,* 328 Mass. 165, 167. *Gannett* v. *Boston & Maine Railroad,* 238 Mass. 125, 131. *Tamkun* v. *Boston & Maine Railroad,* 302 Mass. 59, 62. *Barakat* v. *Trustees of New York, New Haven & Hartford Railroad,* 311 Mass. 496, 499. *McNally* v. *Trustees of New York, New Haven & Hartford Railroad,* 325 Mass. 367.

*Exceptions overruled.*