STANLEY D. SAWLER, administrator, *vs.* BOSTON AND ALBANY RAILROAD COMPANY & another.[1]

Worcester. March 3, 1959. — April 9, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Railroad*, Person on track, Fence. *Negligence*, Invited person; Licensee; Trespasser; Railroad: person on track, fence. *Death. Practice, Civil*, Opening to jury, Ordering verdict.

Facts stated by a plaintiff's counsel in his opening to the jury are to be treated as true in passing upon a motion by the defendant for a directed verdict on the opening. [35]

Evidence in an action against a railroad for the death of a child killed by a train on the railroad right of way, that a "well worn path" leading to the tracks at the place of the accident from a dead end of a nearby street on which the child lived had existed for many years and that there was no barrier at that place to prevent one from walking across the tracks showed at most passive acquiescence on the part of the railroad in the public's crossing the tracks there and not an invitation to the public from the railroad to do so, and did not warrant a finding that the child was other than a trespasser or mere licensee on the tracks. [36]

There could be no recovery under G. L. c. 229, § 2A, against a railroad for the death of a child who as a trespasser or mere licensee was killed by a train while on a part of the railroad's right of way adjacent to the child's home where there was no evidence of wanton or reckless conduct on the part of the railroad, even if the railroad were negligent in failing to maintain a proper fence at that place under G. L. c. 160, § 93. [36–37]

TORT. Writ in the Superior Court dated October 2, 1957.

The action was tried before *Bolster*, J.

*Sumner W. Elton*, for the plaintiff, submitted a brief.

*Richard G. Crotty*, for the defendants.

COUNIHAN, J. This is an action of tort to recover damages under G. L. c. 229, § 2A, for the death of the plaintiff's intestate, his daughter, who was approximately two years

---

[1] New York Central Railroad Company.

and four months old when she died.  On March 7, 1957, the child who in some manner unknown to the plaintiff or the defendants was on the tracks of the Boston and Albany Railroad Company, which were leased by it to the New York Central Railroad Company, was struck and killed by a train operated by the New York Central.

Upon the conclusion of the opening statement of the plaintiff's attorney of what he expected to prove, the defendants moved that the judge direct the jury to return a verdict for each of them.  Subject to exceptions of the plaintiff the motions were allowed.  There was no error.

The statements of counsel for a plaintiff in his opening are to be treated not only as if put in evidence but as being true. *Murphy* v. *Boston & Maine R.R.* 216 Mass. 178, 179.

This child lived with her parents and other members of her family on Fay Court in Southborough.  Fay Court runs northerly from its intersection with Bridge Street to the southerly side of the railroad tracks.  The Sawler home is situated about one hundred fifty feet southerly from the tracks and the northerly boundary of the Sawler land abuts the railroad right of way.  Along this southerly side of the railroad right of way there were fence posts, some of which were standing and some were not.  There were remnants of rusty pieces of wire which formerly were attached to the posts and had made a complete fence many years before.  At the time of this accident this fence was completely out of repair, with many of the posts lying horizontal and no wire between the posts.  There was a well worn grassy path from the paved surface of Fay Court to the railroad right of way and no fence, barrier or obstacle to obstruct anyone from walking across the railroad tracks at the foot of Fay Court.

Shortly before the child was struck she was missed by her mother who ran down Fay Court to the railroad right of way and arrived there just in time to see her child struck.

In his opening, counsel for the plaintiff relied solely on the negligence of the railroads in not maintaining fences along the railroad right of way to prevent this child from

getting on the tracks.[1]  He made no claim that any wilful, wanton, or reckless misconduct on the part of any of the defendants' employees caused the accident.

Plainly the deceased child here was not a business invitee of the defendants or either of them.  Her status was that of a trespasser or licensee.  The existence of the "well worn path" crossing the tracks since the "early forties" is not sufficient to establish an invitation to the public to use such a path to cross the tracks.  Passive acquiescence on the part of the defendants or their employees and failure to prevent such use cannot be construed as an invitation or inducement, express or implied.  *Couto* v. *Trustees of N. Y., N. H. & H. R.R.* 312 Mass. 23.  *McCarthy* v. *Boston & Maine R.R.* 319 Mass. 470.  *Canty* v. *New York, N. H. & H. R.R.* 337 Mass. 38.

We need not decide whether the deceased child was a licensee or a trespasser for in either event the defendants would not be liable in the absence of wilful, wanton, or reckless misconduct on the part of their employees and no such misconduct was shown in the opening of the plaintiff's counsel.

General Laws c. 160, § 93, referred to hereinbefore is of no aid to the plaintiff.  This court has many times construed this statute as having no application to facts similar to those stated in the instant case.  *Byrnes* v. *Boston & Maine R.R.* 181 Mass. 322.  *Menut* v. *Boston & Maine R.R.* 207 Mass. 12. See also *New York Cent. & H. R. R.R.* v. *Price,* 159 Fed. 330 (1st Cir.).  Moreover, even if the fencing statute were intended for the benefit of the plaintiff's intestate it is now too late, in view of the many decisions to the contrary and the statutory history, to ask as the plaintiff does here that we hold that the death statute (c. 229, § 2A) by its terms

---

[1] General Laws c. 160, § 93, reads in part: "Every railroad corporation shall erect and maintain suitable fences . . . upon both sides of the entire length of its railroad, except at the crossings of a public way or in places where the convenient use of the railroad would be thereby obstructed, and except at places where, and so long as, it is specially exempted from so doing by the department. . . . The corporation shall also construct and maintain sufficient barriers, where necessary and practicable so to do, to prevent the entrance of cattle upon the railroad. . . ."

allows recovery in the case of trespassers or licensees against the defendants, or either of them, for negligence in failing to maintain fences along its right of way. *Corrado* v. *New York, N. H. & H. R.R.* 333 Mass. 417, 419–420.

*Exceptions overruled.*