NANCY H. CAZNEAU *vs.* FITCHBURG RAILROAD COMPANY.

Middlesex.    March 19, 1894. — May 17, 1894.

Present: HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Rights of Passenger — Defects on Station Grounds.*

In the absence of knowledge that only one safe path has been provided by a railroad corporation for leaving a passenger station, and of any notice or direction to take a particular path, a passenger may use any path which appears to be designed and used as a way to the street, and as to him the corporation is bound to see that all such paths are reasonably safe.

TORT, for personal injuries, sustained on July 9, 1892, by falling upon a stake on the station grounds of the defendant at Waverly.    At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.    The facts appear in the opinion.

*G. A. Torrey*, for the defendant.

*W. F. Bacon & J. C. Ivy*, for the plaintiff.

BARKER, J.    The station at which the plaintiff alighted from the defendant's train was one which neither she nor her companion had visited before.    It stood on the southerly side of the tracks, and the station grounds were bounded on the south and west by highways.    There was a wrought gravel walk, with a curbstone, between the station and the tracks, and leading westerly, parallel with the tracks, out to the street.    This walk was the only path made by the defendant for persons walking to and from the station.    Upon leaving the train the plaintiff and her companion alighted upon this walk, and went thence to the platform of the station building, and passed around the easterly end of the building to its southerly side, where they inquired of

some person not connected with the defendant for the residence of a friend whom they intended to visit. The person inquired of was unable to inform them, but suggested that they could ascertain at the post office, which he pointed out, and which was nearly opposite the station, across the street, south of the station grounds. Extending from this street to one of the doors on the southerly side of the station was a narrow and somewhat winding footpath, which had been used by foot travellers a great many years. It had been the travelled way from the street to the post office when the latter had been near the spot now occupied by the station, and it had not been obliterated, but since the removal of the post office to the south side of the street the path had been in constant use by persons passing between the street and the station, so that the path was obvious, and throughout its length bore evidence of use by foot passengers. The station building, although new, was substantially finished and in use; but the grading and the preparation of the grounds had not been completed. The grounds between the station building and the street on the south were in a rough and unfinished condition, with loose gravel and large stones thereon. They were open and unfenced, and furnished the only means of access to the station for teams and carriages. The footpath through them was in some places covered with gravel, and in some places still exposed to view. The plaintiff and her companion, after receiving the information stated, went to the southeasterly corner of the station and saw the condition of the grounds and the footpath described. From the east and south sides of the station there was no path to the street on the south except this footpath; and there was no other way out of the station grounds visible from those sides of the station. The plaintiff and her companion started to walk by the footpath to the street upon the south, and the plaintiff tripped upon a grade stake set by the defendant's engineer in the path, and was hurt.

The service for which the plaintiff paid the defendant included not only transportation in its cars to the station, but the furnishing of a reasonably safe way on which she could leave the defendant's grounds. In the absence of knowledge that only one such way had been provided by the defendant for that purpose, and in the absence of any direction or notice from the defendant

to use a particular path in leaving, the plaintiff was at liberty to use any path which appeared to be designed for the use of foot passengers; and as to her the defendant was bound to see that all such paths were reasonably safe and convenient for her use which a person in her situation, and unacquainted with the fact that only one path was in fact furnished by the defendant for that use, would naturally and reasonably be expected to take. Whether the path which she did take was such a path, and whether, in attempting to walk over it in the condition in which it then appeared to be, she was in the exercise of ordinary care, and whether the path itself was reasonably safe and convenient, were matters for the jury. The court rightly refused to order a verdict for the defendant.                    *Exceptions overruled.*