ELLEN QUINLAN vs. NEWTON AND BOSTON STREET
RAILWAY COMPANY

Norfolk.    January 15, 1906. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Negligence.*

A woman passenger on an open electric car who, in attempting to alight from the left hand side of the car, steps on the running board and then, without looking on the ground and paying no attention to the place where she is about to step, puts her left foot down and lets go of the handle of the car before her foot touches the ground, whereupon she falls into a gutter about eight inches deep at the side of the road and is injured, is not in the exercise of due care.

TORT for personal injuries incurred in alighting from a car of the defendant in the manner described in the opinion.  Writ dated September 14, 1901.

In the Superior Court *Crosby,* J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. E. Young,* (*J. W. Hathaway,* with him,) for the plaintiff.

*H. W. Dunn,* for the defendant, was not called upon.

LATHROP, J.  The plaintiff was a passenger on an open car of the defendant.  She asked the conductor to stop at West Street in that part of Needham called Highlandville.  The car accordingly stopped at West Street, and the plaintiff attempted to get off the car on the left hand side.  She stepped on to the running board, and then, without looking at the ground where she was about to step, put her left foot down and let go of the handle of the car before her foot touched the ground.  She fell into a gutter which ran by the side of the road and was about eight inches deep.  The accident happened about six o'clock in the afternoon of a day in August.  The plaintiff testified that she paid no attention to the place where she was going to step, but stepped right down.

We are of opinion that the judge rightly ruled that the plaintiff could not recover, and directed a verdict for the defendant.  It was said in *Creamer* v. *West End Street Railway,* 156 Mass. 320: " The street is in no sense a passenger

station, for the safety of which a street railway company is responsible." *Bigelow* v. *West End Street Railway*, 161 Mass. 393, was a case very like the one before us; and while that case was decided on the ground that there was no negligence on the part of the defendant, yet it might well have been decided on the ground that the plaintiff was not in the exercise of due care.

In the case before us we find no evidence of due care on the part of the plaintiff.

*Exceptions overruled.*