JOSEPH B. LEGGE, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November 11, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Carrier.   Railroad.   Negligence.*

Where a corporation operating a railroad has provided a safe way of exit from its grounds for passengers arriving at one of its stations, it is the duty of such a passenger to use the way provided, and if knowingly, without any invitation express or fairly to be implied from the situation and arrangement of the station and grounds, he leaves the way marked out by the carrier and proceeds to make his exit in some other way, he ceases to be a passenger and becomes a trespasser or at the most a mere licensee.   It makes no difference that he goes where others, with the knowledge of the carrier, have gone before him unless there is an invitation express or implied on the part of the carrier.

If a passenger, who has alighted from a train at a station of a railroad corporation where a safe and ample plank walk is provided for exit to the highway, after walking upon it until he nearly has reached the highway, deliberately leaves it and steps down about thirteen inches into a space where sleepers lie uncovered and proceeds to cross a track where he is struck and killed by a train approaching in full view, the administrator of his estate cannot recover for his death as that of a passenger, because he ceased to be one when he left the plank walk, nor as that of a person invited to cross the track, because he was not so invited, and also cannot recover because the intestate was negligent in stepping in front of the approaching train.

TORT by the administrator of the estate of Michael Legge against the New York, New Haven, and Hartford Railroad Company for causing the death of the plaintiff's intestate from being struck by a locomotive engine of the defendant, with three counts, the first count alleging that the intestate was a traveller on Depot Street, a highway in Sharon, and was killed by reason of the failure of the defendant to give the signals required by law at a grade crossing of that highway, the second count alleging that the intestate was killed while he was a passenger of the defendant who had alighted from one of its trains and was attempting to leave its premises, and the third count, added by amendment, alleging that the intestate was killed when by permission and invitation of the defendant he rightfully was crossing the railroad of the defendant at Sharon a few feet south of the crossing by that railroad of Depot Street at grade and between such grade crossing and the Sharon station building of the defendant.  Writ dated July 16, 1903.

In the Superior Court the case was tried before *Fessenden,* J., who ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*M. J. Creed,* (*A. S. Graves* with him,) for the plaintiff.

*J. L. Hall,* for the defendant.

HAMMOND, J.  There can be no recovery upon the first count because the plaintiff's intestate was killed before he reached the highway.

There can be no recovery upon the second count because at the time the plaintiff's intestate was killed he had ceased to be a passenger.  While it is true that a corporation operating a railroad is bound to use proper care to see that a passenger who alights from one of its cars at a station provided for that purpose has a safe way of exit from its grounds, and that the rela-

tion of passenger continues until such exit is completed, yet where proper arrangements have been made for such exit it is the duty of the passenger to use them; and, if he knowingly fails to do so, and without any invitation either express or fairly to be implied from the situation and arrangement of the station and grounds, leaves the way marked out by the defendant and proceeds to make his exit in some other way, he ceases from that moment to be a passenger and becomes a trespasser, or at the most a mere licensee.   He has stepped from under the aegis by which, up to that moment, the law as to passengers covered him. Nor does it make any difference that he goes where others, with the knowledge of the railroad company, have gone before him, unless there is some invitation express or implied upon the part of the company.   Knowledge of such use where proper arrangements have been otherwise provided does not of itself amount to such invitation.   *Warren* v. *Fitchburg Railroad,* 8 Allen, 227. *Hickey* v. *Boston & Lowell Railroad,* 14 Allen, 429.   *Keefe* v. *Boston & Albany Railroad,* 142 Mass. 251.   *Webster* v. *Fitchburg Railroad,* 161 Mass. 298.   *Cazneau* v. *Fitchburg Railroad,* 161 Mass. 355.   *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207.

Applying these principles to the facts of this case, it is clear that at the time of the accident the deceased had ceased to be a passenger.   The defendant had provided a safe and ample plank walk for exit to the highway.   The plaintiff's intestate was upon it and had nearly reached the highway.   Instead of continuing to walk upon it, he deliberately left it and undertook to reach the highway by crossing the railroad tracks.   To do so he stepped down from the platform, which was twelve and three quarter inches above the sleepers, into the space where the sleepers lay uncovered, proceeded two and one half feet over the space between the platform and the nearest rail, and had stepped over that, when he was hit by the outgoing train.   There was no plank, nor even any beaten path, where he walked after he left the platform.   Not only was there no indication that the place had been fitted up as a way of exit or was intended to be used as such, but on the contrary the surrounding platforms, the height of the one from which the deceased stepped, the protruding sleepers, and the entire lack of preparation for the conven-

ience of one walking there, indeed everything indicated that it was not intended as such a way.

There can be no recovery upon the third count because the plaintiff has failed to show due care on the part of the deceased. For his own convenience he voluntarily left the safe way of exit provided by the defendant, and stepped upon the track upon which a train in full view was approaching, apparently without taking the slightest precaution by way of looking or otherwise for his own safety from injury by the train.

*Exceptions overruled.*