AMELIA HYAMS, administratrix, *vs.* BOSTON ELEVATED
RAILWAY COMPANY.

SAME *vs.* SAME.

Suffolk.    January 13, 1914. — February 26, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, & CROSBY, JJ.

*Negligence,* Street railway, Elevated railway.    *Elevated Railway.*

Where it appears that, when a street railway surface car of a corporation, that also
maintained an elevated railway, became stalled on an incline leading to a station
of the elevated railway, a passenger on the car, without any invitation to do so,
undertook to reach the station by walking up the incline, and fell or accidentally
was pushed off the unfenced wall of the embankment supporting the incline and
was killed, the corporation is not liable for causing his death, because in leav-
ing the car without invitation of the corporation he ceased to be a passenger
and was on the embankment of the incline either without right or at most as
a mere licensee, so that it is not necessary to inquire whether the corporation
was negligent in failing to maintain a barrier to prevent passengers from
falling over the wall.

In such a case it is immaterial that cars frequently were stalled on the incline and
that before the date of the accident passengers occasionally had alighted and
had walked up the incline to the platform, and that there were steps leading
from the platform to the incline, if there is nothing to indicate that such steps
were intended for the use of passengers.

Two ACTIONS OF TORT, by the administratrix of the estate of
Joseph Hyams, the first under St. 1906, c. 463, Part I, § 63, for
causing the death of the plaintiff's intestate on December 19, 1906,
in the manner described in the opinion, and the second at com-
mon law for his conscious suffering.    Writs dated July 20, 1907.

In the Superior Court the cases were tried together before
*Jenney,* J., who at the close of the evidence ordered a verdict for
the defendant in each of the cases.    The plaintiff alleged excep-
tions.

*E. Greenhood,* for the plaintiff.

*W. G. Thompson & G. E. Mears,* for the defendant, were not
called upon.

CROSBY, J.    These are two actions of tort.    The first is under St.
1906, c. 463, Part I, § 63, to recover for the death of the plaintiff's
intestate, and the second at common law for conscious suffering.

At the defendant's elevated station at Dudley Street is what is called the upper level, with two loops for surface cars, known as the "East Loop" and the "West Loop." Surface cars reach these loops by two inclines. The westerly incline, which is the one involved in this case, extends from at or near the line of Dudley Street, northerly to the westerly platform of the station, and is one hundred and sixteen feet in length. Upon it are two tracks, one for cars ascending to, and one for cars descending from the station after having rounded the west loop. The inbound track for the ascending cars is easterly of the track for descending cars, the easterly rail thereof being about seven feet from the edge of the incline, the face of which is a wall running the entire length of the easterly side of the incline. The top of the wall is of stone blocks twenty-six inches wide, and the space between the wall and the track is filled with earth and gravel. At the lower or Dudley Street end the top of the wall is one foot from the surface of the ground, and at the upper end, next to the platform, it is ten feet from the surface. The top of the wall is level with the gravel which is between it and the east bound track. There is no railing or other barrier on the incline between the track and the edge of the wall.

On December 19, 1906, at about 8.30 A. M., the plaintiff's intestate, a man sixty or sixty-two years of age, was a passenger on one of the defendant's inbound surface cars which was ascending this west loop incline. When the front end of the car had reached a point almost at the end of the elevated station platform at the top of the incline, either this or some car ahead of it blew a fuse, and this car came to a stop. The intestate, who was riding on the rear platform, alighted from the car on the incline and started to walk to the station platform; and in some way he fell or was pushed over the wall, at a point nine feet from the ground below, and received injuries from which he died two days later. The evidence was conflicting as to whether he fell over the wall while suffering temporarily from some sickness, or was pushed over by a young man who had been a passenger on some car on the incline, and was hurrying to reach the elevated station platform.

The plaintiff contends that the intestate's injuries and death were caused by the negligence of the defendant in failing to main-

tain a suitable fence or railing upon the incline, but does not contend that the accident was due to the gross negligence of the defendant's servants and agents. There was evidence to show that on several occasions when cars had become stalled on the incline, passengers had left the cars and walked along the space between the east bound track and the wall, up the incline to the platform, and that there were steps leading from the platform to the incline; yet there is no evidence to show that these steps were maintained for the use of passengers. There was also evidence to show that as cars ascended the incline it was the custom for each conductor to stand upon the step of the rear platform, with his left hand grasping the body rail and his right hand upon the dasher, facing outward, and to ride in that position until the car arrived at its berth; and that the front door was not opened until the car reached its berth, when the conductor requested passengers to leave by the front door.

It appears that cars were frequently stalled on the incline, and that before the date of this accident passengers occasionally had alighted and walked up the incline to the platform. There was nothing to indicate that the steps at the end of the platform or the incline were intended for the use of passengers. The plain indications were such as to make it apparent that passengers were not to use the incline for travel on foot, and if the decedent saw fit to leave a place of safety on the car in order to save time, or for any other purpose, he ceased to be a passenger, and, as was said in *Legge* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 88, 90: "Nor does it make any difference that he goes where others, with the knowledge of the railroad company, have gone before him, unless there is some invitation express or implied upon the part of the company. Knowledge of such use, where proper arrangements have been otherwise provided does not of itself amount to such invitation."

There is no evidence to show that there was either an express or implied invitation to the decedent to leave the car upon the incline and undertake to reach the station by walking up to the platform. We are of opinion that when he alighted from the car upon the incline he ceased to be a passenger, and was there either without right, or at the most as a bare licensee.

This case is readily distinguishable from many others where it

has been held that there was evidence of an implied invitation, as in *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368; *Murphy* v. *Boston & Albany Railroad,* 133 Mass. 121; *Powers* v. *Old Colony Street Railway,* 201 Mass. 66; *Yancey* v. *Boston Elevated Railway,* 205 Mass. 162; but is governed by such cases as *Bjornquist* v. *Boston & Albany Railroad,* 185 Mass. 130; *Anternoitz* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 542; *Legge* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 88; *Bowler* v. *Pacific Mills,* 200 Mass. 364; *Boden* v. *Boston Elevated Railway,* 205 Mass. 504; *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478; *O'Brien* v. *Union Freight Railroad,* 209 Mass. 449; *Shelly* v. *Boston Elevated Railway,* 211 Mass. 516.

The conclusion which we have reached on this branch of the case renders it unnecessary to consider whether there was any evidence of negligence on the part of the defendant in failing to maintain a barrier or railing to prevent passengers from falling over the wall.

*Exceptions overruled.*