MARY E. YOUNGERMAN, administratrix, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   November 29, 1915. — February 12, 1916.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Passenger.  Railroad.  Carrier.  Negligence,* Of person on premises of railroad corporation, Causing death.

No contract giving rise to the relation of carrier and passenger will be implied on the part of a railroad corporation from mere passive acquiescence on its part in a customary use, by persons intending to board its trains as passengers when the trains stopped at a certain station, of a portion of its premises near a track but separated from the station by two tracks and an open girder bridge.

Consequently there can be no recovery under St. 1906, c. 463, Part I, § 63, for causing the death of a person who, while standing at such place, was killed by a passing train, unless such person is shown to have been in the exercise of due care.

Where one, who, while standing upon a portion of the premises of a railroad corporation separated from a station by two parallel tracks and an open girder bridge without an express or implied invitation by the corporation and waiting for a train which was to stop at the station, occupied himself reading a newspaper and did not look nor listen for a train expected on the adjoining track, was struck and killed by the train, it cannot be found that he was in the exercise of due care and, since he was not a passenger, no action for causing his death can be maintained under St. 1906, c. 463, Part I, § 63.

TORT under St. 1906, c. 463, Part I, § 63, for causing the death of the plaintiff's intestate, Conrad Youngerman, on February 24, 1912, the declaration as amended containing two counts, the first count alleging that the deceased was not in the employ of the defendant, while the second count contained an allegation that he was a passenger of the defendant.  Writ dated June 5, 1913.

In the Superior Court the case was tried before *White,* J.  The material evidence is described in the opinion.  At the close of the

evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. H. Vahey,* (*P. Mansfield* with him,) for the plaintiff.

*Joseph Wentworth,* for the defendant.

CARROLL, J.    At Field's Corner station, the defendant's railroad crosses Freeman Street by an overhead bridge.  The station and platform are on the west, or left hand side of the tracks, looking toward Boston, and north of Freeman Street.  On February 24, 1912, while standing on the opposite side of the tracks, a few feet south of the bridge spanning Freeman Street, and between the easterly rail of the inbound track and a retaining wall, the plaintiff's intestate was struck by an engine coming from the south, and instantly killed.

1.  On the morning of his death the deceased came from Geneva Avenue, south of the station, passed to a vacant lot, thence to the top of the retaining wall on the east of the track, walking along this wall until near Freeman Street, when he stepped up a few feet to the level of the tracks, where he was standing when struck.  There was abundant evidence that for several years it had been customary to use this means of approach to the trains.  There were no notices prohibiting this use and no objection was made to it by the defendant, nor were passengers forbidden to enter cars on the east side of the tracks.  It was usual for the last car of the train (which the deceased intended to board) to stop with the rear platform south of the Freeman Street bridge.  The gate on the east side of this car was generally open, where it was the practice for passengers to enter.  On the other hand, no preparations were made on the east side of the tracks for the reception of passengers.  The arrangement of the station grounds showed plainly that the station platform, reached by a flight of steps from Freeman Street, west of the tracks and north of the street, was the only place designed and intended for passengers.  The place where the plaintiff stood was separated from the station by two tracks and an open girder bridge; there is nothing in the evidence to show any express invitation by the defendant to use this side of the track or this mode of approach, nor is there anything in the conduct of the defendant from which such an invitation can be inferred.  At most the defendant passively acquiesced or did not object to the use of the retaining wall as a means of access to

the station. From such negative conduct a contract will not be implied by the carrier, to assume the responsibility, for one who undertakes to enter its premises as a passenger under such circumstances, and stands at a place where an open bridge and the tracks are between him and the passenger platform. As stated by Hammond, J., in *Legge* v. *New York, New Haven, & Hartford Railroad,* 197 Mass. 88, 90, "Nor does it make any difference that he goes where others, with the knowledge of the railroad company, have gone before him, unless there is some invitation express or implied upon the part of the company. Knowledge of such use where proper arrangements have been otherwise provided does not of itself amount to such invitation." *Hyams* v. *Boston Elevated Railway,* 216 Mass. 560. *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478. *Boden* v. *Boston Elevated Railway,* 205 Mass. 504. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207. *Hogner* v. *Boston Elevated Railway,* 198 Mass. 260.

2. If the deceased was not a passenger, in order to recover it must appear that he was in the exercise of due care. When reaching the top of the embankment he stood in a position of danger, near a track where a train was expected, and which must pass the place where he was standing, without looking and apparently without listening, reading a paper and making no effort whatever to save himself from danger. Such conduct is not the conduct of a man of ordinary prudence. "It is the duty of a person intending to enter a car upon a highway to take a position outside the reach of an approaching car. . . . The same rule has been applied where a person intending to board a train on a steam railroad stands too near the edge of the platform and is struck." *Neale* v. *Springfield Street Railway,* 189 Mass. 351, 353, and cases cited. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467. *Hudson* v. *Lynn & Boston Railroad,* 185 Mass. 510.

As the plaintiff's intestate was not a passenger nor in the exercise of due care, she cannot recover. It is unnecessary to consider the question of the defendant's negligence.

*Exceptions overruled.*