ELIZABETH G. RHOADES *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    January 15, 1919. — March 1, 1919.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & CARROLL, JJ.

*Negligence*, Street railway, Licensee, Invited person.  *Agency*, Scope of authority.  *Evidence*, Competency.

In an action against a corporation operating street railways and an elevated railway, for personal injuries sustained when the plaintiff was passing through a car of an elevated train from the platform on one side of an elevated station to the platform on the other side, it appeared that there were stairways and an overhead bridge leading from the platform on one side of the station to the platform on the other side but that the plaintiff did not use them because it

was more convenient to wait until an elevated train came in and use it for a bridge and that, while she was attempting to cross in this manner, her leg was caught by the closing of a door of the car through which she was passing and she was thrown down and injured. *Held*, that the plaintiff while passing through the car was at most a licensee, to whom the defendant owed no duty except to refrain from wilful or wanton misconduct, of which there was no evidence.

In the case above described the presiding judge excluded evidence offered by the plaintiff to show that on a previous occasion she had talked with a guard of the defendant, who told "her to wait until a train came in and then to go through the train," and that this guard had "assisted her to do so and told her that that was perfectly all right." *Held*, that the exclusion was right, as it did not appear that the guard had been given authority to promulgate any general order relating to the use of the station by passengers, and also because what had been said on a former occasion did not amount to a present invitation to use the train for a bridge.

Tort for personal injuries sustained on October 24, 1915, alleged to have been caused by the negligence of the defendant's servants in closing a door of a car on a train of the defendant upon the plaintiff's leg, when the plaintiff was passing through such train as a passenger of the defendant at the defendant's Dudley Street station in Boston. Writ dated March 16, 1916.

In the Superior Court the case was tried before *J. F. Brown*, J. At the close of the evidence, which is described in the opinion, the judge excluded certain evidence offered by the plaintiff as there described and ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. A. Wilson, F. Juggins & T. F. Murphy*, for the plaintiff.

*A. E. Pinanski & G. E. Morris*, for the defendant.

Braley, J. The plaintiff testified, and the jury could find, that while a passenger at one of the defendant's stations she alighted "from a surface car on what is known as the east loop platform; in order for her to get a car to her home it was necessary for her to cross from the east loop to the west loop platform; that after alighting from the surface car on to the east loop platform she walked across the platform to the pit so called; that she attempted to pass through a car of an elevated train to the other platform; that she passed through the first door, but before she cleared the door on the west platform side of the train, her right leg was caught by the closing of the door, throwing her to the ground." But it also appeared from her evidence, that, although there were

stairways and an overhead bridge leading from the east loop platform she did not use them because it was more convenient to wait and use the train as a bridge, and that she was indifferent as to whether there were other means of access from one platform to the other.

It is plain that under *Hillman* v. *Boston Elevated Railway*, 207 Mass. 478, *Hyams* v. *Boston Elevated Railway*, 216 Mass. 560, and *Youngerman* v. *New York, New Haven, & Hartford Railroad*, 223 Mass. 29, the plaintiff while on the platform of the car was at most a licensee to whom the defendant owed no duty except to refrain from wilful or wanton misconduct of which there is no evidence.

The offer of evidence that on a previous occasion she had talked with a guard of the defendant who told "her to wait until a train came in and then to go through the train," and that "he assisted her to do so and told her that that was perfectly all right," was properly excluded. It does not appear that the guard had been given authority to promulgate any general order relating to the use of the station by passengers, and at most what had been said on a former occasion did not amount to a present invitation to use the platform. *West* v. *Poor*, 196 Mass. 183.

The verdict for the defendant having been rightly ordered, the exceptions should be overruled.

*So ordered.*