KATHERINE THRELKELD vs. BOSTON ELEVATED RAILWAY
COMPANY.

Suffolk.  November 20, 1924. — January 29, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence*, Street railway, At station in subway.

If a woman, a passenger of a corporation operating a train in a subway,
after alighting from a train to transfer to another, changes her mind
and decides to continue upon the same route and, when she is attempt--
ing to do so by entering the next train, is injured by having the door
closed upon her, she is entitled to maintain an action against the cor-
poration for personal injuries so received if it does not appear that
she had received a warning by sign or otherwise that she should not
board a train from the platform upon which she had alighted, there
being sufficient evidence to warrant a finding that she was justified in
assuming that she could rightfully again board the train when the
doorway was free of passengers leaving it.

TORT for personal injuries received by the plaintiff when
a door in a train in a subway of the defendant closed as she
was entering the train.  Writ dated November 15, 1921.

In the Superior Court, there was a trial before *Whiting*, J.
Material evidence is described in the opinion.  At the close
of the evidence, a verdict was entered for the defendant by
order of the judge.  The plaintiff alleged exceptions.

*J. W. Monahan*, for the plaintiff.

*H. S. MacPherson*, for the defendant.

PIERCE, J.  This is an action of tort to recover damages
for personal injuries, received by the plaintiff while attempt-
ing to board a train of the defendant company in the station
called Park Street Under.  The plaintiff became a passenger
at the South Station and rode on one of the tunnel trains
from that station to the Park Street station, where she
alighted on the northerly platform, intending to transfer at
the Park Street upper station for Brookline.  Immediately
after alighting she changed her mind and concluded to con-
tinue on to Harvard Square, Cambridge.  The train upon
which she rode from the South Station left the station for
Harvard Square.  The plaintiff remained on the platform

where she alighted until the arrival of the next train.  When that train stopped the door on the side of the platform upon which the plaintiff was standing was opened.  The passengers passed out and the plaintiff undertook to board the train through the open door.  When she had one foot inside the door and was bringing her other foot in, the door was closed, caught her foot and she was thrown to the floor inside the car, breaking her wrist.

There was evidence that there were two platforms at the station where the plaintiff boarded the car in which she received her injury, one a loading platform and the other an unloading platform.  The platform on which the plaintiff alighted from the train, which she boarded at the South Station, and took the next train to Harvard Square was the unloading platform.  There was no evidence that the plaintiff was warned by signs or otherwise that she should not board the train for Cambridge from the platform where she stood when she attempted to board the car.  At the conclusion of the evidence the judge directed a verdict for the defendant and the case is before this court on the exceptions of the plaintiff thereto.

Disregarding the evidence of wall and swinging signs not shown to have been seen by the plaintiff, and the evidence of the defendant concerning a custom of its employees to prevent passengers from boarding trains from the unloading platform, which evidence was received subject to the exception of the plaintiff, the only question for decision is, Was the evidence sufficient to warrant a jury finding that the plaintiff was justified in assuming she could rightfully again board the train when the doorway was free of leaving passengers?  We think the jury warrantably could find an invitation to the plaintiff to do so; and the plaintiff accepted the invitation with all the rights of a passenger.  The facts distinguish the case at bar from *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478, *Youngerman* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 29, *Hyams* v. *Boston Elevated Railway,* 216 Mass. 560, and *Rhoades* v. *Boston Elevated Railway,* 232 Mass. 361.

*Exceptions sustained.*