FRANCIS T. BRUSO *vs.* EASTERN STATES EXPOSITION.

Hampden.    September 19, 1929. — October 3, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Licensee, Fireworks, Gross, Exposition grounds. *Evidence*, Relevancy. *Wanton and Reckless Misconduct.*

A boy, thirteen years of age, who, with other children, had been permitted by the proprietor of exhibition grounds to play upon the grounds four days after an exhibition of fireworks, had found there an

unexploded piece of fireworks from which he extracted the powder and put it in a bag, and was injured when the powder exploded while he later was playing with it, cannot maintain an action against such proprietor, where there is no evidence that the proprietor had knowledge of any powder being in the vicinity, on the ground that such injuries were caused by gross negligence, carelessness, wanton or reckless misconduct for which he was liable.

At the trial of the action above described, it was proper to exclude as immaterial evidence, offered by the plaintiff, as to what the superintendent of the defendant's grounds knew or did not know about happenings at other exhibitions or at other exhibition grounds in regard to the explosion of powder after a display of fireworks.

TORT with a declaration described in the opinion. Writ dated January 13, 1928.

In the Superior Court, the action was tried before *Dillon*, J., who, on evidence described in the opinion, ordered a verdict for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*A. R. Simpson & C. R. Clason*, for the plaintiff.

*H. P. Small & C. H. Beckwith*, for the defendant.

SANDERSON, J. The plaintiff, a boy thirteen years of age, seeks to recover for injuries alleged to have been received by him while upon the premises of the defendant, through the gross negligence, carelessness, wilful, wanton or reckless conduct of the defendant as set forth in three counts of the declaration.

On July 16, 1927, an Italian society, with the permission of the defendant, offered a display of fireworks upon the premises of the defendant for which an admission was charged, and the defendant shared in the proceeds thereof. On July 20, 1927, the plaintiff found on the defendant's grounds an unexploded part of a piece of fireworks from which he took explosive powder and put it in a bag. Accompanied by another boy he walked a short distance and sat down upon a spur track which entered the defendant's grounds. He lighted a piece of paper which he laid on a tie, and poured the powder from the bag slowly upon the blazing paper with the result that immediately an explosion occurred which caused the loss of the plaintiff's right hand. At the close of the evidence the judge subject to the plain-

tiff's exception directed a verdict for the defendant.   The material evidence is reported.

The grounds comprise about one hundred seventy-two acres, most of which are enclosed.   Several times after the display of fireworks and before the accident the plaintiff, and his companion, had put powder which he had found on the grounds onto pieces of paper lighted by the plaintiff with matches carried by him.   This powder when lighted made a slight noise and burned with a colored light.   The explosive powder which caused the injury was found by the plaintiff wrapped in brown paper which appeared to be scorched.   It was near an unloading wall on the defendant's grounds.   This powder was aluminum in color.

There was evidence that many children were playing on the grounds both before and on the days following the fireworks display and some pieces of unexploded fireworks were found by them.   The plaintiff testified that daily during the summer he had gone upon the defendant's grounds to play, had ridden his bicycle there and had seen other children playing, fishing and swimming, that at times he had skated upon a pond within the grounds, and on no occasion had he been asked to leave the premises.   Other witnesses testified that from time to time they had played upon the defendant's grounds and had not been requested to leave.   The plaintiff's mother testified that she knew her boy was playing on the premises, and upon inquiry learned from the manager that as long as the children did not destroy the defendant's property they were permitted to play there.

The defendant's superintendent testified that for years fireworks had been displayed on the grounds, and immediately thereafter refuse and debris had been found and picked up by the fireworks company and the defendant's employees.   On the day following the display on July 16, which was held on a stormy night, he directed the defendant's employees to pick up the debris that was scattered over the premises for about one hundred and fifty feet from the place of the display, and in the case of rockets and fireworks of a similar nature the debris was probably more widely scattered.   He knew of an occasion five or six

years before the accident when there was an explosion of fireworks caused by a horse drawn mowing machine passing over them.    There were signs upon the premises offering a reward for the conviction of any one damaging the defendant's property.    No testimony was introduced to show that the defendant had knowledge of any powder being in the vicinity of the place where the plaintiff found the powder which caused his injury, or that this particular powder was brought or left upon the premises by any representative of the defendant.

There is no evidence that would justify a finding that the plaintiff was upon the premises of the defendant as an invitee or that he was there for any purpose except his own amusement.    It cannot be held that the defendant should reasonably have anticipated that the plaintiff would find the powder upon its grounds under the circumstances described, and that he then would light a paper and pour the powder upon it thus causing his injury.    Upon the testimony the jury would not have been justified in finding that the defendant violated any duty it owed the plaintiff in failing to warn him of the danger of such an accident as happened.    *Jacobs* v. *New York, New Haven & Hartford Railroad,* 212 Mass. 96, 98.    The mere fact that an owner of land does not take active measures to prevent such use as was made of the defendant's premises cannot be construed to be an invitation or an inducement to use them. *Youngerman* v. *New York, New Haven & Hartford Railroad,* 223 Mass. 29.    *Doherty* v. *New York, New Haven & Hartford Railroad,* 229 Mass. 135.    *Hafey* v. *Turners Falls Power & Electric Co.* 240 Mass. 155. · Mere passive acquiescence by an owner or occupier in a certain use of his land by others involves no liability.    *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368.    *Galligan* v. *Metacomet Manuf. Co.* 143 Mass. 527.    *Hillman* v. *Boston Elevated Railway,* 207 Mass. 478.    The fact that the defendant's premises were in such a condition as was likely to attract the plaintiff does not amount to an inducement or invitation.    *Daniels* v. *New York & New England Railroad,* 154 Mass. 349.    *Romana* v. *Boston Elevated Railway,* 218 Mass.

76.  *Robbins* v. *Athol Gas & Electric Co.* 236 Mass. 387. The plaintiff was at most a licensee and took the premises as he found them.  The evidence would not justify an inference that the defendant had created or caused a dangerous condition of its premises designedly arranged to cause injury.  *Moffatt* v. *Kenny*, 174 Mass. 311, 315. There is no evidence of a wanton or wilful act on the part of the defendant.  "The alleged wrongdoer acts wantonly and wilfully only when he inflicts the injury intentionally or is so utterly indifferent to the rights of others that he acts as if such rights did not exist.  The result is a wilful not a negligent wrong."  *Wentzell* v. *Boston Elevated Railway*, 230 Mass. 275, 277.  *O'Brien* v. *Union Freight Railroad*, 209 Mass. 449.  *McIntyre* v. *Converse*, 238 Mass. 592.

The exclusion of evidence as to what the superintendent of the defendant's grounds knew or did not know about what had happened at other fairs or at other fair grounds in regard to the explosion of powder after a display of fireworks shows no reversible error.  It tended to introduce a collateral issue and in itself was immaterial to the issue being tried.

*Exceptions overruled.*