JOHN R. MACSWAN *vs.* METROPOLITAN
TRANSIT AUTHORITY.

Suffolk.    January 7, 1960. — March 9, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
WHITTEMORE, & CUTTER, JJ.

*Negligence,* Invited person. *Street Railway,* Passenger, Station.

Evidence in an action against a street railway showed that the plaintiff, a passenger who, upon arriving at a station where he intended to go out to the street, did not use a turnstile exit provided by the defendant for that purpose and known to him, but instead attempted to leave the station by crossing an area used by buses entering the station, where he was struck by an incoming bus and injured, had ceased to be a passenger of the defendant at the time he was injured and was not entitled to recover for alleged negligence of the defendant.

TORT.    Writ in the Municipal Court of the City of Boston dated June 12, 1957.

Upon removal to the Superior Court, the action was tried before *Donahue,* J.

The case was argued in January, 1960, before *Wilkins,* C.J., *Williams, Counihan, Whittemore, & Cutter,* JJ., and afterwards was submitted on briefs to *Spalding,* J.

*Peter N. Otis,* (*Francis D. Pizzella* with him,) for the plaintiff.

*James C. Roy,* for the defendant.

COUNIHAN, J.    This is an action of tort in two counts, one for negligence and the other for gross negligence.    The

latter count was waived in open court. The action comes here upon the plaintiff's exception to the allowance of the defendant's motion for a directed verdict. There was no error.

The plaintiff seeks to recover damages for personal injuries sustained in an accident on the lower or street level of the Dudley Street station of the defendant on June 20, 1956. The evidence may be summarized as follows: The plaintiff, who was employed in a bank on Washington Street opposite the station, arrived by elevated train on the upper level of the station and went down a flight of stairs to the lower level. He had used this station regularly for over a year prior to the day of the accident and he was familiar with a turnstile exit which led from the station to Washington Street opposite the bank where he was employed. Located on the lower level was an areaway through which buses entered the station. There were no signs on the lower level indicating that the turnstile was an exit but, as we have said, the plaintiff knew of it. When the plaintiff reached the bottom of the stairs from the upper level it was not necessary to cross the bus area to get to the turnstile exit. On the morning of the accident he was not going directly to the bank but intended to go to a restaurant on Washington Street opposite the bank.

There were no signs on the lower level forbidding the use of the areaway as an exit but the plaintiff knew that there was a "No Admittance" sign on a fence on the outside of the areaway, facing the street, and that buses used this area to enter the lower level. As the plaintiff was crossing this areaway he was struck by an incoming bus and injured.

The issue in this case is the status of the plaintiff at the time he was injured. He was a passenger, a trespasser, or a licensee. In the opinion of a majority of the court he ceased to be a passenger when he attempted to cross this area.

We think that this case is governed by what is said in *Legge* v. *New York, N. H. & H. R.R.* 197 Mass. 88, at pages 89 and 90: "While it is true that a corporation operating a railroad is bound to use proper care to see that a

passenger who alights from one of its cars at a station . . . has a safe way of exit from its grounds, and that the relation of passenger continues until such exit is completed, yet where proper arrangements have been made for such exit it is the duty of the passenger to use them; and, if he knowingly fails to do so, and without any invitation either express or fairly to be implied from the situation and arrangement of the station and grounds, leaves the way marked out by the defendant and proceeds to make his exit in some other way, he ceases from that moment to be a passenger and becomes a trespasser, or at the most a mere licensee. . . . Nor does it make any difference that he goes where others, with the knowledge of the railroad company, have gone before him, unless there is some invitation express or implied upon the part of the company. Knowledge of such use where proper arrangements have been otherwise provided does not of itself amount to such invitation." *Boden* v. *Boston Elev. Ry.* 205 Mass. 504. *Hillman* v. *Boston Elev. Ry.* 207 Mass. 478. In the case at bar the plaintiff knew that the defendant had provided a turnstile exit.

*Cazneau* v. *Fitchburg R.R.* 161 Mass. 355, upon which the plaintiff relies, is distinguishable for in that case the plaintiff was completely unfamiliar with the station and had never before used it.

*Exceptions overruled.*