*Northern Division*

#6903

**BARTHOLOMEW O'NEIL**

v.

**MASSACHUSETTS BAY TRANSPORTATION AUTHORITY**

Argued: Nov. 20, 1968 · Decided: Feb. 26, 1969

*Present*: Brooks, P.J., Parker, Yesley, J.J.

Case tried to *McKenney, J.* in the Municipal Court of the Roxbury District #45131

*Parker, J., This is an action of tort for personal injuries* alleged to have been suffered by the plaintiff on 2 December 1964 at about 5:10

P.M. when he was caused to fall by a hole in a passageway leading to the public street from the defendant's Columbia Station. The defendant answered by general denial. The court found for the plaintiff in the amount of $3000.

*There was evidence* that on this date the plaintiff boarded a train of the defendant, a common carrier, as a passenger for hire. It was the intention of the plaintiff to go to Sydney Street, a public way near the Columbia Station, a station owned, operated and controlled by the defendant. At the station the defendant maintained signs reading "Exit to Sydney Street" and pointing out a stairway and passageway. At the end of the passageway, was the locus which the plaintiff had to pass to reach Sydney Street, within this locus was the hole which caused the plaintiff to fall. The hole had existed for several months prior to 2 December 1964. The plaintiff had proceeded down the "walkway" about seventy-five feet to the hole in which he fell. Inadequate lighting in combination with other persons using the locus as an exit to the public way from the Station obscured the defect from plaintiff's view. The evidence was uncontradicted that the passageway was built by the Commonwealth and lighting was maintained by the Commonwealth or the City. There was no evidence that the defendant owned, maintained or controlled the area where the plaintiff fell. There was no question of the involvement of snow or ice in the case.

The court found specially that the sign reading "Exit to Sydney Street" pointed out a stairway and passageway over which it expressly invited the plaintiff to pass to reach Sydney Street, that the locus over which the plaintiff had to pass to reach Sydney Street was between the end of the passageway and Sydney Street and that the defendant thereby held out an inducement or invitation to the plaintiff to cross the locus to reach Sydney Street or that the defendant had adopted the locus as part of the egress to Sydney Street from its station. In either event the court held that the defendant had assumed the obligation to exercise reasonable care to maintain the locus in a reasonably safe condition for the use which the defendant had invited the plaintiff to make of it. The court found that within this locus was a defect which the defendant negligently suffered to exist causing the plaintiff, who was in exercise of due care, injuries and that the defect within the locus made it unsafe for the defendant to use it as he was invited to do by the defendant.

The defendant filed eight requests for rulings, as follows:

1. Upon all the evidence, the plaintiff is not entitled to recover.
   a. The defendant, its agents, servants or employees were not negligent.
   b. The plaintiff was not in the exercise of due care.

2. The mere happening of this accident is not evidence of negligence.

3. The plaintiff is not entitled to recover in this matter because the place where he alleged he fell is not owned by the Massachusetts Bay Transportation Authority.

4. The plaintiff is not entitled to recover in this matter because the defendant, as a matter of law, is not responsible for the condition of the place where the plaintiff fell.

5. The plaintiff is not entitled to recover in this matter because he has failed to prove that the place where he fell is owned by the Massachusetts Bay Transportation Authority.

6. The plaintiff is not entitled to recover in this matter because the plaintiff has failed to prove that the place where he fell was maintained by the Massachusetts Bay Transportation Authority.

7. The plaintiff is not entitled to recover in this matter because the plaintiff has failed to prove that the place where he fell was controlled by the Massachusetts Bay Transportation Authority.

8. The plaintiff is not entitled to recover in this matter because if the Court finds that the condition that caused the plaintiff to fall was not a hidden condition or a concealed and dangerous obstacle

then the Authority is not responsible for the plaintiff's injury without first proving by the weight of the evidence that the defendant at the time of the accident owned or controlled the premises where the plaintiff alleges he was injured.

Request 2 was granted.

Request 3 asked a ruling that the plaintiff was not entitled to recover because the place where the plaintiff fell was not owned by the defendant, and request 5 is to the same effect, but on the basis that the plaintiff has failed to prove that the defendant owned the locus.

There was no error in the denial of these requests. Ownership is not the only basis for recovery for a tort resulting from a defect of premises.

Request 6 asks for a ruling that the plaintiff cannot recover because the plaintiff has failed to prove that the place where he fell was maintained by the defendant. Request 7 is the same as 6, but is on the basis that the plaintiff has failed to prove that the place was controlled by the defendant. These requests were denied.

Request 8 asks a ruling on the facts that if the defect was not concealed the plaintiff must prove by the weight of evidence that at the time of the accident the premises were owned or controlled by the defendant. This request the court denied, ruling "that a common carrier of passengers for hire cannot escape lia-

bility for injuries to one of its said passengers for its failure to use reasonable care to maintain an area reasonably safe, used by it as a part of an egress from its transportation facilities, on the ground that said area is owned or controlled by another.''

Request 4 asked for a ruling that the plaintiff could not recover because as a matter of law the defendant was not responsible for the condition of the place where the plaintiff fell. This request was denied.

Request 1 was a request that on all the evidence the plaintiff could not recover because:

    (a) The defendant, its agents, servants or employees were not negligent.

    (b) The plaintiff was not in the exercise of due care.

As to (a) the request was denied, the Court finding ''as a fact that a defect existed within the locus for a time long enough for the defendant, its agents — — —, in the exercise of reasonable care to have discovered it and to have — — — — — prevented the injuries complained of.''

As to (b) the Court found as a fact that the plaintiff was in the exercise of due care and denied the request.

The action of the court in denying Requests 6, 7, 8, 4 and 1 is based upon its finding that the defendant's sign ''exit to Sydney Street'' was an inducement or invitation to the plaintiff to cross the locus as a part of the egress to

Sydney Street from the station and so the defendant owed a duty "to exercise reasonable care to maintain the locus in a reasonably safe condition for the use which it had invited the plaintiff to make of it."

Accordingly, the issue before us is whether this ruling of the court was correct in view of the fact that there was no evidence that the defendant had control of, or maintained the premises where the plaintiff was injured.

The plaintiff was a passenger of the defendant a common carrier and while a passenger the defendant has the duty to use the highest degree of care consistent with the nature and extent of its business, not only to provide safe and suitable vehicles for their carriage, but to maintain all such reasonable arrangements for control and supervision — — — — as prudence would dictate to guard its passengers while they occupy that relation against all dangers that are naturally and according to the usual course of things to be expected. *Kuhlen* v. *Boston & Northern St. Ry.*, 193 Mass. 341, 346.

The service to which a passenger for hire is entitled from a carrier includes the furnishing of a reasonably safe way on which he can leave carriers station. *Cazneau* v. *Fitchburg R.R.*, 161 Mass. 355, 356.

At the time of the accident was the plaintiff a passenger of the defendant?

The street is in no way a passenger station for the safety of which a railway company is

responsible. *Creamer* v. *West End St. Ry.*, 156 Mass. 320. *Quinlan* v. *Newton & Boston Ry.*, 191 Mass. 58.

There was no evidence that the defendant owned, maintained or controlled the area where the plaintiff fell. The defendant not being in control would not be liable to the plaintiff. *Thompson* v. *Gardner St. Ry.*, 193 Mass. 133, 134. *Lenoure* v. *Worcester Cons. St. Ry.*, 257 Mass. 285

On this state of facts it would be clear that the defendant would not be liable to the plaintiff for the accident. See: *McManus* v. *Boston Elevated Ry.*, 262 Mass. 519, 521. However, the court made a "Special Finding" that the sign reading "Exit to Sydney Street" pointing out the way by which the plaintiff went to the locus, was an inducement or invitation to the plaintiff to cross the locus to reach Sydney Street or that the defendant had thereby adopted the locus as part of the egress to Sydney Street from its Columbia Street Station. These findings bring before us the question as to whether on the evidence the court could have found that the plaintiff was induced or invited to proceed as he did.

If a person is induced or invited to use premises, the invitor may be held liable for injuries caused to the invitee as a result of the negligence of the invitor in not warning the invitee or negligently failing to take steps to correct defects if the premises are under the

invitor's control. *Sweeny* v. *Old Colony & Newport R.R.*, 10 Allen 368, 375, 376. *Murphy* v. *Boston & Albany R.R.*, 133 Mass. 121. See: *Allerton* v. *Boston & Maine R.R.*, 146 Mass. 241, 246.

The question as to whether a person has been induced or invited to use the premises on which he is injured would appear to be determined upon the reasonableness of the invitee's assumption that the defendant has extended the invitation and was in control of the premises. *Gill* v. *Carrier*, 377 Mass. 319. *Chronopoulos* v. *Gil Wyner Co., Inc.*, 334 Mass. 593.

The plaintiff is entitled to rely to a reasonable extent upon appearance even though he misjudges the actual situation. *Palmer* v. *Boston Penny Savings Bank*, 301 Mass. 540, 544.

It has been held that the invitor may be held even though he does not have control over the locus. *Carleton* v. *Franconia Iron & Steel Co.*, 99 Mass. 216.

The report states the sign "Exit to Sydney Street" pointed out a stairway and passageway to pass to reach Sydney Street. The report further states that "the plaintiff proceeded down the 'walkway' about seventy-five feet to the place where he fell in the hole". The Court in its Special Finding found that this sign pointed out a stairway and passageway over which it expressly invited the plaintiff to pass to reach Sydney Street. The report states

that the locus over which the plaintiff had to pass to Sydney Street was between the end of the passageway and Sydney Street. There was no evidence that the defendant owned, maintained or controlled the area where the plaintiff fell.

There was no evidence that the sign pointed to the "walkway" or to any way upon which the plaintiff could proceed at the end of the stairs and passageway. The report fails to disclose any evidence as to the "walkway" other than that the plaintiff walked along it for seventy-five feet before falling, and that inadequate lighting facilities — in combination with other persons using the locus as an exit to the public way obscured the defect from the plaintiff's view.

We are of the opinion that the question as to whether the plaintiff was invited or induced to use the "walkway" was a question of fact. *Cazneau* v. *Fitchburg R.R.,* 161 Mass. 355. *Chronopoulos* v. *Gil Wyner Co., Inc.,* 334 Mass. 593. *Legge* v. *N.Y., N.H. & H. Railroad,* 197 Mass. 88. See *Evans* v. *Boston, Revere Beach & Lynn R.R.,* 285 Mass. 283, 287. See: *McSwan* v. *Metropolitan Transit Authority,* 340 Mass. 499, 501.

The judge has found as a fact that the plaintiff was so invited and induced. Findings of fact as such are not reviewable by the Appellate Division. We are of the opinion that upon the evidence reported with all rational infer-

ences of which it is susceptible sustain the decision of the Court in the finding of fact and it cannot be ruled as a matter of law that the evidence was insufficient to sustain a finding that there was an invitation or inducement given to the plaintiff by the defendant to act as he did. *O'Toole* v. *Magoon,* 295 Mass. 527, 530. *Codman* v. *Beane,* 312 Mass. 570, 576. *Kesley* v. *Hampton Court Hotel Co.,* 327 Mass. 150, 152.

**The report will be dismissed.**

ROBERT V. MANN
  for plaintiff
BARON H. MARTIN
  for defendant