Lauriat, J.
The plaintiffs brought this action against the defendant, the Massachusetts Bay Transportation Authority (“MBTA”), for common law negligence (Counts I-III) arising from the alleged “abduction” of each plaintiff from the Government Center MBTA station by one Kheybark Fharah, and his sexual assault of each plaintiff. The plaintiffs have also brought claims against the MBTA for negligent hiring, retention, and supervision of certain of its employees, who were responsible for security at the MBTA station at the time of the incidents (Counts IV-VI).
The MBTA has moved for summary judgment, pursuant to Mass.R.Civ.P. 56(c), on the grounds that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. The MBTA contends that it owed the plaintiffs only a general duty of reasonable care and that the plaintiffs have not presented any evidence tending to show that the MBTA breached this duty. The MBTA also claims that there is no evidence in the record connecting any MBTA employee to the events which are the subject matter of this litigation, thus mandating summary judgment in its favor on those claims.
*643 The plaintiffs have filed a Cross-Motion for Summary Judgment. They allege that the MBTA, as a common carrier, owed them the highest duty of care, and that this court should rule, as a matter of law, that the alleged incidents were foreseeable.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
The court will first address the applicable duty of. care. The plaintiffs claim that the MBTA, as a common carrier, owed them the highest duty of care. They also claim that this duty “applies regardless of whether a person is in the course of transit or not.” The MBTA alleges that it owed the plaintiffs only a general duty of reasonable care. It draws a critical distinction between the respective duties owed to passengers actually in transit, and those persons merely present in or on terminal facilities, whom it alleges have not yet obtained passenger status. The MBTA concedes that it owes the highest duty of care to the former class, but claims that the law in Massachusetts is unsettled with respect to the latter. It thus urges this court to apply a lesser standard of care to such “pre-” or “post-transit passengers.”
It is undisputed by the parties, and well settled in Massachusetts, that “a common carrier owes to its passengers the highest degree of care in the anticipation and prevention of violence from its employees, other passengers, and even strangers, as is consistent with the nature and operation of its business.” Quigley v. Wilson Line of Massachusetts, Inc., 338 Mass. 125, 128 (1958). The issue in the present case is whether this same high duty of care is owed to persons on the premises of common carriers,[1] but who are not actually in transit.
The court concludes that the MBTA owed the plaintiffs the highest duty of care to protect them from the violent acts of third parties. See Quigley, supra at 128. Contrary to the MBTA’s contention, the fact that the plaintiffs were not literally “in transit” at the time of the alleged abductions does not alter their status as passengers. “Our cases have long extended passenger status, and thus have imposed a duty of care on a common carrier to people on its premises for the purposes of transportation. See MacSwan v. Metropolitan Transit Auth., 340 Mass. 499, 500-01 (1960) (one who had traveled on train and was leaving station was still a passenger); Gray v. Boston & Me. R.R., 168 Mass. 20, 24 (1897) (one who had entered station to travel on train was a passenger); Warren v. Fitchburg, R.R., 8 Allen 227, 231-32 (1864) (one who had purchased ticket and was waiting in station was a passenger).” Sharpe v. Peter Pan Bus Lines, Inc., 401 Mass. 788, 789 n.4 (1988). See also Magaw v. Massachusetts Bay Transportation Authority, 21 Mass.App.Ct. 129, 131 (1985) (in negligence action against MBTA stemming from robbery of plaintiff in underpass at subway station, MBTA conceded at trial that it owed plaintiff highest duty of care, and Appeals Court explicitly acknowledged the propriety of the MBTA’s concession).
The court turns next to the issue of whether the MBTA breached its duty of care. After oral argument, and upon consideration of all the admissible evidence in the record before it, the court concludes that there exists a genuine dispute as to whether the alleged incidents were in fact foreseeable, which is a prerequisite to establishing a breach of the defendant’s duty to care. Quigley, supra at 128. As the determination of this issue is best left to the trier of fact, summary judgment for either party in this case is therefore inappropriate. See Foley v. Matulewicz, 17 Mass.App.Ct. 1004, 1005 (1984) (summary judgment is rarely appropriate on the merits of negligence actions).
ORDER
For the foregoing reasons, defendant’s Motion for Summary Judgment, and plaintiffs’ Cross-Motion for Summary Judgment are DENIED.

 There is no dispute that the MBTA is a common carrier.