Whitehead, J.
This is an action brought by the plaintiff, John Dore, against the defendants, the Immaculate Conception Educational Association (“Immaculate Conception”) and the Roman Catholic Archbishop of Boston (“the Archbishop”), to recover damages for injuries which the plaintiff sustained when he stepped into a hole. The hole was located on property owned and/or maintained by the defendants. Immaculate Conception has never answered the complaint and, thus, has been defaulted. The Archbishop answered and subsequently moved for summary judgment. On December 8, 1994, after a hearing, the Court denied the motion for summary judgment. The Archbishop moved for reconsideration of that denial. The Court has reconsidered and now vacates the order denying summary judgment. For the reasons stated below, the motion for summary judgment is Allowed.
FACTS
For purposes of this matter, the undisputed facts are as follows. The Archbishop owns, or at least controls, a parcel of property in Newburyport, on which are located both a church building and a parochial school building. Adjacent to both buildings and within the border of the property, there is a paved area which serves both as a parking lot for both buildings and a playground for students of the school. Over the parking lot and attached to the school building, there is a basketball net. Although the net is intended for the exclusive use of the school’s students, in fact, it is used by members of the public who are not affiliated with the school. School personnel are aware of that fact and have taken no action to limit use of the net or parking lot area.
On March 29, 1992, the plaintiff entered the parking lot for the purpose of playing basketball. The plaintiff was not affiliated with the school. He knew that the basketball net was intended for use by students of the school but was also aware that it was frequently used by nonstudents such as he.
*369 While playing basketball, the plaintiff stepped into a hole which was located in the pavement directly beneath the net, and he suffered severe injuries to his legs. The hole was approximately 8-10 inches wide and 3-5 inches deep. There had been no warning of its existence.
DISCUSSION
Summary judgment shall be granted when there are no genuine issues as to any material fact and when the moving party is entitled to judgment as a matter of law. Kourouvacillis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976).
The first question to be resolved is what standard of care was applicable to the Archbishop. The Archbishop contends that at the time that the plaintiff was injured, the plaintiff was a trespasser on the property and that, accordingly, the Archbishop owed him only a duty to refrain from wanton or reckless conduct. See, Schofield v. Merrill 386 Mass. 244, 245-46 (1982). The plaintiff contends that he was an invitee, or at least a licensee, and that therefore, he was owed a duty of reasonable care. See, e.g;, Mounsey v. Ellard, 363 Mass. 693, 703, 706-07 (1973).
The facts before the Court do not establish conclusively whether the plaintiff was a trespasser or a permissive user of the church/school property at the time of his injuiy. The net was intended for use by students of the school only. However, school personnel, aware that members of the public used the parking lot and net for recreational purpose, had taken no action to curb such use.
It is a general rule that where a property owner does not intend that his property be used by another, his passive acquiescence in such use does not render the user an invitee or a licensee. See, e.g., Sawler v. Boston Albany Railroad, 339 Mass. 34, 36 (1959), and authorities cited. However, cases in which that rule has been applied have usually involved circumstances where, at least at some point in time, the owner has taken some steps to curb the use in question. The Appeals Court has noted, “An owner’s passive acquiescence in continued use of his property by members of the public, absent any reasonably effective steps to discourage such use, might create in some individuals a reasonable belief that the owner consented to such use. In that situation, the user might not be a trespasser.” Gage v. Westfield, 26 Mass.App.Ct. 681, 695, fn. 8 (1988) (emphasis added).
Given the state of the law and the ambiguity of the facts in this case, it would ordinarily be for a jury to resolve the issue of whether the plaintiff was, indeed, a trespasser or permissive user. However, the issue is immaterial under the circumstances here, for if the plaintiff was a permissive user, the parties would be subject to the provisions of G.L.c. §17C. Section 17C provides, in relevant part:
An owner of land who permits the public to use such land for recreational purposes without imposing a charge or fee therefore ... shall not be liable to any member of the public who uses said land for the aforesaid purposes for injuries to person or property sustained by him while on said land in the absence of wilful, wanton or reckless conduct by such owner, nor shall such permission be deemed to confer upon any person so using said land the status of an invitee or licensee to whom any duty would be owed by said owner.
As a permissive recreational user under § 17C, the plaintiff is owed the same duty of care which he would be owed if he were a trespasser, to wit: the duty of the Archbishop to refrain from wanton or reckless conduct.
At the time that the Court initially denied the motion for summary judgment, it assumed that wanton or reckless conduct was the relevant standard of care to apply in this case. However, mindful of the caveat expressed by the Appeals Court in Inferra v. Sudbury, 31 Mass.App.Ct. 96, 103 (1991), to the effect that the issue of recklessness is generally one for the juiy, this Court concluded that recklessness could not be ruled out as a matter of law on the facts before it. Indeed, there was evidence from which a jury could conclude that school employees should have been aware of the existence of the hole beneath the net. Moreover, given the certainty that there would be extensive foot traffic beneath the net and that those engaging in such traffic, by the nature of the game of basketball, would have their attention directed upward and not towards the area of the hole, a jury could conclude that the occurrence of an injury such as the one which befell the plaintiff was highly likely.
However, subsequent to this Court’s ruling, the Supreme Judicial Court decided a case which bears directly on the issue. In Sandler v. Commonwealth, 419 Mass. 334 (1995), the Court was presented with the question of whether or not the MDC had engaged in wanton or reckless conduct within the meaning of G.L.c. 21, §17C. In that case, the plaintiff, a bicyclist, had passed through an unlit bikeway tunnel and driven his bicycle into an 8 inch by 12 inch drainage hole from which vandals had removed the cover. Injury resulted. There was evidence from which the jury could have concluded that the MDC knew: that the tunnel was unlit; that the drain cover was missing; that the absence of a cover constituted a danger. There was further evidence warranting the conclusion that the MDC took no action to prevent the danger and that preventive action was feasible. However, even on those facts, the Court concluded that the inaction of the MDC, as a matter of law, failed to rise to the level of wanton or reckless conduct. Noting “the requirement that reckless conduct must be based on a high degree of risk that death or serious bodily injury will result from a defendant’s action or inaction when under a duty to act,” the Court stated, “The degree of risk of *370 injury in this case does not meet the standard that we have established for recklessness.” Id. at 337, 338.
It is true, as the Sandler Court noted, that “each case depends on its facts and that some cases are close to the line.” Id. at 338. Comparisons between cases must be made with caution. However, ultimately, this Court finds the facts here to be materially indistinguishable from those of Sandler. Hence, in light of the result in Sandler, the Court concludes that the plaintiff, as a matter of law, is unable to make out a case of wanton or reckless conduct against the Archbishop.
ORDER
It is hereby ORDERED that the Order of December 8, 1992, denying summary judgment be vacated and that the motion of the Roman Catholic Archbishop of Boston, a Corporation sole, for summary judgment be ALLOWED.